FILED
JUN 2 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BOZENA SARNECKA-CROUCH
112 - Fourth St., SE
Apt. 2
Washington, DC 20003
tel. (202) 547-5759
    Plaintiff,

v.

JAMES BILLINGTON,
LIBRARIAN OF CONGRESS
Serve:
Elizabeth Pugh, Esq.
General Counsel
The Library of Congress
101 Independence Ave., SE, 6th Floor
Washington, DC 20540-1050

    - and -

Office of the United States Attorney
for the District of Columbia
Kenneth L. Wainstein
555 - 4th Street, NW
Washington, DC 20530,

    Defendant.

C. A. No.

JURY TRIAL DEMANDED

CASE NUMBER 1:06CV01169
JUDGE: Ellen Segal Huvelle
DECK TYPE: Employment Discrimination
DATE STAMP: 06/26/2006

JURY ACTION

## COMPLAINT

### NATURE OF ACTION

1. This is an action for equitable relief and money damages arising out of discrimination based on age, disability and retaliation for Plaintiff's having engaged in protected activity.

1

2. Plaintiff brings this claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000, *et seq.*, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Secs. 621, *et seq.*, and the Americans With Disabilities Act (ADA), 29 U.S.C. Secs. 12101, *et seq.*

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 42 U.S.C. Sec. 2000e-16(c) and 28 U.S.C. Secs. 1331 and 1343.

4. Venue is proper in this judicial district under 28 U.S.C. Sec. 1391 because (1) the Library of Congress is within this judicial district, (2) the events giving rise to Plaintiff's claim for relief occurred in this judicial district, (3) the unlawful acts are alleged to have been committed in this judicial district, (4) the records relevant to such acts are maintained and administered in this judicial district, (5) Plaintiff worked in this judicial district, and (6) Plaintiff is domiciled in this judicial district.

5. Plaintiff has fulfilled all conditions precedent under Title VII prior to instituting the lawsuit, as necessary, and has otherwise exhausted her administrative remedies.

## PARTIES

6. Plaintiff Bozena Sarnecka-Crouch is a resident of the District of Columbia. She is a sixty-five years old female.

7. Defendant James Billington is the Librarian of Congress and as such heads the Library of Congress, a department within the Legislative Branch of the Government of the

2

United States. As the Librarian of congress, Mr. Billington is charged with enforcement of Title VII, the ADA and the ADEA with respect to employment at the Library of Congress. He is sued in his official capacity.

## FACTUAL BACKGROUND

Plaintiff's Professional Experience and Qualifications

8. Plaintiff holds a JD degree from Duke University School of Law (1986) and JD degree from Warsaw University School of Law (1964). She is admitted to practice law in DC, Pennsylvania, before US Supreme Court and in Poland. She knows ten European languages.

9. Plaintiff worked for the Library of Congress for 17 years and 4 months, and for 16 years worked as a GS-14, Series 00-95 attorney in position titled "Foreign Law Specialist."

Plaintiff's Job was Eliminated in a RIF and Plaintiff filed EEO Case # 04-51

10. On March 25, 2004, Plaintiff received a memorandum that her position, Foreign Law Specialist, GS-14, Series 00-95 was being eliminated in a reduction in force (RIF), effective June 25, 2004.

11. In April 2004, after learning her position would be eliminated, Plaintiff filed a complaint of age discrimination with the Library's EEO Complaints Office, Case #. 04-51, alleging that the elimination of her position was age discrimination because younger employees at the same or lower competitive level with less retention preference were

3

retained and not subject to the RIF.

12. At the expiration of effective date of RIF, the Library offered Plaintiff, and she accepted, the GS-11 position of Copyright Specialist at the Literary Section, Examining Division, Copyright Office. This position did not require any professional or even bachelor's degree any knowledge of foreign languages and was three grades lower than the position Plaintiff occupied for the last ten years. Plaintiff was entitled for grade and pay retention in that position.

13. On March 3, 2006, Plaitiff's Complaint EEO Case # 04-51 got rejected by the Library. Plaintiff received the rejection on March 6, 2006 and filed timely Request for Reconsideration. The Request for Rreconsideration was rejected on March 19, 2006. Plaintiff received the rejection letter on April 19, 2006.

<u>Plaintiff Applied for 11 Attorney Position Vacancies Under Priority Placement but Was Not Selected for Any</u>

14. Pursuant to the Library of Congress regulation, LCR 2013.3-7: Grade and Pay retention, hereinafter LCR 2013-3.7, any staff member who was placed at a lower grade as a result of RIF was entitled to a grade and pay retention for a two year period, beginning with the date of such placement.

15. Pursuant to LCR 2013-3.7, the Library was obliged to provide "priority placement" to employees entitled to grade and pay retention for two years as a result of a reduction in force.

16. Pursuant to LCR 2013-3.7, the Library was obliged to maintain a Priority Placement Register of employees whose jobs have been eliminated by RIF, and refer for consideration for vacant positions each affected employee who had agreed to participate in the Priority Placement Program.

17. Plaintiff was entitled to grade and pay retention after the RIF and agreed to participate in the Priority Placement Program.

18. The LCR 2013-3.7 required that an employee who had been referred for Priority Placement must be selected for the position for which she was referred unless she did not meet the minimum qualifications required for the position.

19. After July 2004, when Plaintiff began working as a Copyright Specialist, she began applying under Priority Placement Program for all attorney vacancy announcement positions at the Library of Congress for which she was fully or minimally qualified.

20. On August 16, 2004, under Priority Placement Program, Plaintiff applied for vacancy announcement # 040112 for Attorney-Advisor (International) GS-14 at the Office of Associate Register for Policy and International Affairs, Copyright Office, Register's Office, Copyright Office. Even though Plaintiff was referred for an interview, she was subsequently told that she was not minimally qualified. On February 22, 2005, Plaintiff filed EEO Case #. 05-32 of discrimination (retaliation) alleging that the determination that she was not minimally qualified and her non-selection were retaliation for her having filed the age discrimination complaint in EEO Case #. 04-51.

21. Plaintiff's claim of retaliation arising out of the Library's determination that she was not minimally qualified for an Attorney-Advisor (International) position, EEO Case # 05-32, filed on December 20, 2004, was rejected on March 3, 2006. Plaintiff received the rejection on March 7, 2006.

22. In December 2004, under Priority Placement Program, Plaintiff applied for vacancy announcement for Legislative Attorney position GS 11-14 in the Congressional Research Service (CRS). Even though 7 vacant attorney positions were filled, after initial interview, she was told that the Library "have made other selections" without any further justification.

23. On February 22, 2005, Plaintiff applied under the Priority Placement Program, for a Legislative Attorney position GS-11, vacancy announcement # 140730264. The position was in the Law Library where Plaintiff used to work as a Foreign Law Specialist before her position was eliminated in RIF. The vacancy announcement was for the position lower than the position occupied by Plaintiff for more than 16 years at the Law Library, and much below her qualifications, but it was far better than the position of Copyright Specialist because it required a law degree and had the promotion potential to GS-14.

24. The Library was required to offer the Law Library attorney position to Plaintiff under its Priority Placement Program.

25. The duties and responsibilities of the Law Library Legislative Attorney position for which Plaintiff applied were at that time being performed by a much younger attorney

6

who worked in the Law Library since June 2004 on a contract basis. Even though, Plaintiff was fully qualified for the position, she did not make the List of Eligibles and was not selected for an interview. Young attorney, Mr. Weber, made the List of Eligibles.

26. On April 1, 2005, Plaintiff filed an EEO Complaint #. 05-66 of discrimination (age discrimination and retaliation) alleging that her non-selection was based on her age, as well it was a retaliation for her filing two pending EEO complaints, Case #. 04-51 and Case # 05-32.

27. Initially, Mr. Sharp, who was the selecting official for the position tried to disqualify Plaintiff by claiming that she made "omission" on her application by checking "none of the above" under the Education/Licensing requirement section of the questionnaire, indicating that she forgot about her two law degrees she possess. To corroborate with this claim, somebody allegedly forged Plaintiff's AVUE on-line application which she has never submitted. Plaintiff submitted only a hard copy of the application together with accompanying materials.

28. Finally, the Law Library cancelled the posting but only after Mr. Jessy James, an attorney in the Office of the General Counsel, told Plaintiff's attorney that he, Mr. James, informed Mr. Sharp that if the Law Library were to select anyone for the position, it would have to be Plaintiff.

29. Plaintiff's claim of retaliation arising out of the Library's failure to refer or select her for the Law Library attorney position EEO Case # 05-66, filed on April 1, 2005, was

7

rejected on March 3, 2006. Plaintiff received the rejection letter on March 7, 2006 and filed timely request for reconsideration which was denied on March 23, 2006. Plaintiff received the rejection letter on March 27, 2006.

30. On August 29, 2005, Plaintiff applied for an Attorney-Advisor (International) GS-0905-11 position, vacancy announcement # 050215, under Priority Placement Program. The position was in the Office of Associate Register for Policy and International Affairs, Register's Office, Copyright Office, which was the same office as the position of Attorney-Advisor (International) GS-14 she applied for on August 16, 2004, but this vacancy was for was much lower position, only at GS-11 level, with the promotion potential to GS-14. Even though Plaintiff hand delivered additional copy of her application materials to Mr. William Ayers, Jr., then Acting Director of the Office of Workforce Acquisition, and left several telephone messages with Employment Office employee responsible for this vacancy announcement, she has never received any information as to why she had not been selected even for an interview.

31. On June 23, 2006, Plaintiff applied for GS-13 CRS Legislative Attorney position, vacancy announcement # 060156.

<u>Plaintiff Experienced Severe Health Problems From Continuous Exposure To Irradiated Mail and the Library Provided Her Temporary Accommodation</u>

32. Shortly after she began working as a Copyright Specialist in August 2004, Plaintiff became very seriously from continuous exposure to irradiated mail. She began experiencing severe respiratory distress, a violent cough, wheezing, nose bleeds, and

asthma attacks from dealing with irradiated mail.

33. On December 22, 2004, after five months of consulting with specialty doctors., collecting medical documentation and taking various medications, Plaintiff filed a request for her disability recommendation with appropriate medical documentation with the Library's Health Services Office-- as instructed by her supervisor-- for a disability accommodation eliminating her exposure to heavily irradiated mail. The Health Services Office requested Plaintiff's accommodation eliminating her exposure to irradiated mail

34. As one of approximately 26 Copyright Specialists in the Literary Section of the Examining Division, U. S. Copyright Office of the Library of Congress, Plaintiff regularly and on a continuous basis handled two types of irradiated mail – cash claims materials and deposit account materials. Cash claims materials generally consisted of letters and correspondence from individuals. Deposit account materials generally consisted of books or other printed materials from institutions. Cash claim materials were highly irradiated while deposit account materials were not.

35. On or about February 2005, Plaintiff's supervisor provided her a "temporary" accommodation by adjusting her work assignments so that she was handling only deposit account materials. Her symptoms diminished dramatically.

<u>The Library Informs Plaintiff Of Its Intent To Remove Her From Her Position</u>

36. On June 10, 2005, the Library issued Plaintiff a Notice of Proposed Removal, informing her that it planned to remove her from her job due to her purported inability to

perform major duties of the Copyright Specialist position. The Notice of proposed Removal was purportedly based on LCR 2020-3: Policies and Procedures Governing Adverse Action. Plaintiff filed timely Reply to Proposed Adverse Action showing that LCR 2020-3 did not provide any basis for her removal.

37. Plaintiff also filed Allegation of Discrimination on July 11, 2005, and, subsequently, Complaint of Discrimination on August 17, 2005, EEO Case # 05-84, stating that Proposed Adverse Action constituted age, disability, and reprisal descrimination.

38. On September 2, 2005, Plaintiff's Complaint in EEO Case # 05-84 was not accepted for formal processing for failure to show an adverse employment action.

39. On September 27, 2005, Plaintiff filed Request for Reconsideration.

40. The request was rejected on October 6, 2005, for failure to show an adverse employment action, in spite of the fact that on October 4, 2005, i.e., two days before, the Library handed her a final decision on Adverse Action. The decision provided that Plaintiff's removal from the Library was to become effective on October 21, 2005.

41. Defendant's statement contained in the October 4, 2005 final decision on the Adverse Action that Plaintiff was "unable to perform the full range of major duties" is contradicted by ample evidence that Plaintiff's performance and conduct were at least satisfactory. Of particular significance is fact that on June 26, 2006, she received within grade step increase. from GS-14 step 7 to GS-14 step 8, effective on June 26, 2005. SF-50 Notification of Personnel Action dated June 25, 2005 (Plaintiff received it on April 26,

2006 sent to her home address by regular mail) states in Block 45: Remarks: "Work performance at an acceptable level of competence." There was no cause for her removal.

42. In order to save her health insurance and retirement benefits, on October 20, 2006, one day before her removal became final, Plaintiff filed for immediate retirement, which was accepted, processed, and she effectively retired on the same same.

43  On October 19, 2005, AFCSME Local 2910 filed on Plaintiff's behalf a grievance, Guild # 05-03 (Library # 2006-01) with the Office of Workforce Management, as instructed in the Adverse Action decision letter of October 4, 2005.

44. On November 17, 2005, the Office of Workforce Management issued The Report and Decision on Grievance which denied Plaintiff's grievance based mainly on the fact that Plaintiff "was not removed from the position... as she retired prior to the effective date of the proposed removal.

45. On December 1, 2005, the Guild filed a step 2 Grievance with the Office of Workforce Management formally invoking arbitration. On December 29, 2005, Mr. Charles Carron, Director of the Office of Workforce Management sent an email to the Guild stating that the final decision was issued on November 17, 2005, and the request for arbitration was not timely.

46. On January 25, 2006, the Guild file a letter with the Office of Workforce Management stating that arbitration was invoked in a timely manner and requesting arbitrators from the Federal Mediation and Consultation Service. On January 26, 2006, Mr.

Carron sent a memorandum to the Guild permitting Guild to invoke arbitration on the issue of timeliness of arbitration. However, so far the Guild has not started arbitration.

47. Since the Library constructively removed Plaintiff from her copyright examiner position and forced her to retire, she lost the opportunity to earn a substantially larger pension based on 20 years of service, and at her age she has great difficulty finding other employment.

48. Plaintiff has suffered and is suffering great embarrassment, humiliation and stress as a result of ending her successful professional career with her disciplinary removal from the Library of Congress.pursuant to the Adverse Action.

COUNT I - RETALIATION (Title VII, ADA and ADEA)

49. Paragraphs 1 through 48 are incorporated by reference.

50. By the foregoing conduct, including its failure to appoint Plaintiff to an available attorney position, its failure to continue to assign her work on lesser amounts of irradiated mail, and ultimately its removal of her from federal service while retaining other copyright examiners with less seniority, the Library of Congress has retaliated against Plaintiff for having used the Library's EEO process to protest the elimination of her position and her non-selection for attorney positions she applied for after the RIF, and for her continuing efforts to secure an adjustment to her work duties as an accommodation for health problems caused by irradiated mail.

51. By the foregoing conduct, the Library has caused Plaintiff great anguish, pain

and suffering, stress and humiliation, as well as loss of pay and benefits.

52. Plaintiff has exhausted her administrative remedies with respect to her retaliation claims. She filed filed four retaliation claims in the Library's EEO Complaints Office. Shortly after the two claims were consolidated for investigation at Plaintiff's request in May 2005, the Library announced its intent to remove her from federal service.

## COUNT II - ADA Failure to Accommodate

53. Paragraphs 1 through 52 are incorporated by reference.

54. Plaintiff is a qualified individual with a disability able to perform the essential functions of the copyright specialist and attorney positions with or without reasonable accommodation.

55. Plaintiff was able to perform the essential functions of the copyright examiner position with the accommodation she requested and that the Library had implemented, i.e., assigning her to examine deposit account materials, as well as to perform other duties in the copyright examiner position description, and foregoing assigning her to cash claims.

56. As a result of the Library's failure to accommodate, Plaintiff has suffered great anguish, stress and the humiliation of being removed after over 17 years of honorable federal service, as well as loss of pay and benefits.

57. Plaintiff had exhausted her administrative remedies with respect to reasonable accommodation..

## COUNT III - Intentional Age Discrimination

13

58. Paragraphs 1 through 57 are incorporated by reference.

59. Plaintiff is a member of the class of persons protected under the Age Discrimination In Employment Act (ADEA), 29 U.S.C. Secs. 621, *et seq.*, enforcement of which is the responsibility of Defendant Billington with respect to Library employees. See, 29 U.S.C. Sec. 633a.

60. Plaintiff has exhausted her administrative remedies with respect to age discrimination.

61. By its elimination of her job while retaining the jobs of younger employees with the same or lesser experience and qualifications, and by failing to appoint her to at least two attorney positions for which she was minimally qualified, and by removing her from her job rather than appointing her to an attorney position, the Library has discriminated against Plaintiff on the basis of her age and in retaliation for her having filed an age discrimination complaint.

RELIEF REQUESTED:

WHEREFORE, Plaintiff requests the following relief:

A. Rescission of the removal;

B. Reinstatement of the vacancy announcement for the attorney position in the Law Library, and appointment of Plaintiff to that position with grade and pay retention as are due her under the Library's RIF rules;

C. An injunction directing the Defendant to refrain from retaliating against,

interfering with and/or coercing Plaintiff in the exercise of her rights under federal law as an employee of the Library of Congress;

D. Compensatory damages, to be determined by the jury, for the pain, embarrassment, humiliation and distress Plaintiff has suffered as a result of losing her attorney position in the Law Library and being rejected for other attorney positions; for having to work in a position (copyright specialist) for which she was not trained and for which she was well over-qualified, while younger attorneys are placed or retained in positions commensurate with their attorney training and background; and for having to endure the Library's removal her from the federal service notwithstanding her efforts to learn the copyright examiner job and her good performance;

E. Reasonable attorney's fees and costs; and

F. Such other relief as the Court deems just and proper.

JURY DEMAND

Plaintiff requests trial by jury.

Respectfully submitted,

_____
Bozena Sarnecka-Crouch
112, Fourth Street, S.E. # 2
Washington, DC 20003
tel. (202) 547 5759

June 26, 2006

15