UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BOZENA SARNECKA-CROUCH, ) | |
| ) | |
| Plaintiff; ) | |
| ) | |
| v. ) | Civil Action No. 1:06CV01169 |
| ) | |
| JAMES H. BILLINGTON, ) | |
| LIBRARIAN OF CONGRESS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S ANSWER**

Defendant, James H. Billington, Librarian of Congress, answers the allegations in the complaint as follows:

**First Defense**

Plaintiff has failed to state a claim for which relief may be granted.

**Second Defense**

Plaintiff has failed to exhaust administrative remedies in this case.

**Third Defense**

Defendants further respond to the numbered and unnumbered paragraphs of Plaintiff's complaint as follows:

**NATURE OF ACTION**

1.  This paragraph is Plaintiff's description of her cause of action, not an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, deny.

2..  This paragraph is Plaintiff's description of the legal basis for her cause of action, not an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, deny.

**JURISDICTION AND VENUE**

3.  This paragraph is Plaintiff's statement of jurisdiction, not an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, deny.

4.  This paragraph is Plaintiff's statement of venue, not an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, deny.

5.  This paragraph is Plaintiff's statement regarding this Court's jurisdiction to hear her claim, not an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, deny.

**PARTIES**

6.  Admit.

7.  Admit as to first sentence. As to second sentence, Defendant denies that Mr. Billington is charged with the enforcement of Title VII, the ADA and the ADEA with respect to employment at the Library of Congress. Third sentence is not an averment of fact to which an answer is necessary. To the extent that an answer is deemed necessary, deny.

**FACTUAL BACKGROUND**

Plaintiff's Profession Experience and Qualifications

8.  Admit.

9.  Admit.

Plaintiff's Job was Eliminated in a RIF and Plaintiff filed EEO Case # 04-51

10. Admit.

11. Admit.

12. Admit.

13. Defendant admits that Plaintiff's complaint in EEO case 04-51 was denied by the Library. Admit that Plaintiff filed a request for reconsideration and that it was denied. Deny

2

that any complaint timely filed by Plaintiff with the Defendant was ever "rejected." Defendant lacks sufficient knowledge to admit or deny on what particular date Plaintiff received any particular correspondence. To the extent that an answer is deemed necessary, deny. In all other regards, deny.

Plaintiff's Applied for 11 Attorney Position Vacancies Under Priority Placement but Was Not Selected for Any

14. This paragraph is not an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, deny.

15. This paragraph is not an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, deny.

16. This paragraph is not an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, deny.

17. Defendant admits that Plaintiff, subject to Library regulations, was eligible for priority placement after she was subjected to a reduction in force. Defendant lacks sufficient knowledge to admit or deny that Plaintiff "agreed" to participate in the Library's priority placement program. To the extent that an answer is deemed necessary, deny.

18. This paragraph is not an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, deny.

19. Defendant lacks sufficient information to admit or deny that when Plaintiff began working as a Copyright Specialist, she began applying under Priority Placement Program for all attorney vacancy announcement positions at the Library of Congress for which she was fully or minimally qualified. To the extent that an answer is deemed necessary, deny.

20. Defendant admits that Plaintiff applied for a position under vacancy announcement #

040112. Defendant admits that during Plaintiff's interview, Defendant determined that Plaintiff did not meet the minimum qualifications for the position. Defendant is without sufficient information to admit or deny that Plaintiff applied for the position "under Priority Placement Program." To the extent that an answer is deemed necessary, deny. Admit that Plaintiff subsequently filed a claim of discrimination alleging that her non-selection was retaliatory for a previously filed EEO claim. In all other regards, deny.

21. Defendant admits that Plaintiff filed a complaint with Defendant's EEO office on December 20, 2004, and that this claim was subsequently denied on March 3, 2006. In all other regards, deny.

22. Defendant lacks sufficient information to admit or deny the averment in this paragraph because Plaintiff has not identified a vacancy under which she claims to have applied. To the extent that an answer is deemed necessary, deny.

23. Defendant lacks sufficient information to determine whether Plaintiff applied for a position under vacancy announcement 140730264 and Defendant does not presently recognize "140730264" as one of its advertised vacancies. To the extent that an answer is deemed necessary, deny. In all other regards, deny.

24. See answer to paragraph 23. Otherwise, deny.

25. See answer to paragraph 23. Otherwise, deny.

26. Admit.

27. Deny.

28. Deny.

29. Admit that Plaintiff filed an EEO claim of discrimination on April 1, 2005, and that this claim was denied by Defendant on March 3, 2006. Defendant admits that Plaintiff subsequently

requested reconsideration and that this request was denied on March 23, 2006. Defendant lacks sufficient information to admit or deny that Plaintiff received the denial of her request for reconsideration on March 27, 2006. To the extent that an answer is deemed necessary, deny. In all other regards, deny.

30.     Defendant lacks sufficient information to admit or deny the averments in the paragraph. To the extent that an answer is deemed necessary, deny.

31.     Defendant lacks sufficient information to admit or deny the averment in this paragraph. To the extent that an answer is deemed necessary, deny.

<u>Plaintiff Experienced Severe Health Problems From Continuous Exposure to Irradiated Mail and the Library Provided Her Temporary Accommodation</u>

32.     Defendant lacks sufficient information to admit or deny the averments in this paragraph. To the extent that an answer is deemed necessary, deny.

33.     Defendant admits that Plaintiff requested that she not be required to perform her job duties which included the handing of materials which may have been subjected to irradiation. Defendant admits that the Library's Health Services Office informed Plaintiff's supervisor that Plaintiff's physicians claimed she was being effected by her occupational exposure to irradiated mail. In all other regards, deny.

34.     Defendant admits that during the course of her regular duties, Plaintiff handled materials that were irradiated. Defendant lacks sufficient information to admit or deny Plaintiff's characterization that some of the materials she handled were "highly irradiated" or that some of the materials she handled demonstrated varying levels of irradiation in comparison to others. To the extent that an answer is deemed required, deny. In all other regards, deny.

35.     Defendant admits that Plaintiff's supervisor temporarily relieved Plaintiff of some of her major job duties while Defendant attempted to locate a possible reassignment for Plaintiff.

Defendant lacks sufficient knowledge to admit or deny that its actions had any effect upon Plaintiff's symptoms or that Plaintiff in fact had any symptoms associated with her employment. To the extent that an answer is deemed required, deny. In all other regards, deny.

<u>The Library Informs Plaintiff Of Its Intent To Remove Her From Her Position</u>

36.     Admit first sentence. Deny Plaintiff's characterization that the proposal for Plaintiff's removal was "purportedly based on LCR 2020-3 . . ." The remainder of this paragraph is argumentative and is not an averment of fact for which an answer is required. To the extent that an answer is deemed required, deny.

37.     Admit.

38.     Admit.

39.     Admit.

40.     Admit as to the first two clauses of first sentence. The remainder of the first sentence and the remainder of the paragraph is argumentative and not an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, deny.

41.     This paragraph is argumentative, and not an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, deny.

42.     Deny.

43.     Admit.

44.     Admit.

45.     With regard to the first sentence of this paragraph, admit that Plaintiff's collective bargaining unit filed a grievance on her behalf on or about December 1, 2005, and deny that the grievance formally invoked arbitration. Admit as to remainder of paragraph.

46.     Admit.

47. Defendant denies that Plaintiff was constructively removed. Defendant lacks sufficient information to admit or deny any other averment made in this paragraph. To the extent that an answer is deemed necessary, deny.

48. Defendant lacks sufficient information to admit or deny the averments made in this paragraph. To the extent that an answer is deemed necessary, deny.

### COUNT I - RETALIATION (Title VII, ADA and ADEA)

49. The answers to Paragraphs 1 through 48 are incorporated by reference.

50. This paragraph is argumentative and does not contain an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, deny.

51. This paragraph is argumentative and does not contain an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, deny.

52. This paragraph is argumentative and does not contain an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, deny.

### COUNT II - ADA Failure to Accommodate

53. The answers to Paragraphs 1 through 52 are incorporated by reference.

54. This paragraph is argumentative and does not contain an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, deny.

55. Deny.

56. This paragraph is argumentative and does not contain an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, deny.

57. This paragraph is argumentative and does not contain an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, deny.

### COUNT III - Intentional Age Discrimination

58.     The answers to Paragraphs 1 through 57 are incorporated by reference.

59.     This paragraph is argumentative and does not contain an averment of fact for which an answer is necessary. To the extent that an answer is deemed necessary, deny.

60.     This paragraph is argumentative and does not contain an averment of fact for which an answer is necessary. To the extent that an answer is deemed necessary, deny.

61.     This paragraph is argumentative and does not contain an averment of fact for which an answer is necessary. To the extent that an answer is deemed necessary, deny.

RELIEF REQUESTED

Lettered paragraphs A, B, C, D, E, and F constituted Plaintiff's prayer for relief and do not contain averments of fact for which answers are required. To the extent that answers are deemed necessary, deny.

JURY DEMAND

Plaintiff is not entitled to a jury demand with respect to her age discrimination claim.

Having fully answered, defendant respectfully requests that this action be dismissed with prejudice and that defendant be granted such other relief as the Court deems appropriate.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office, Civil Division
555 4th Street, N.W., Room E-4204

OF COUNSEL:                     Washington, D.C. 20530
CHARLES TETREAULT               (202) 514-7137
Assistant General Counsel
Library of Congress

## **CERTIFICATE OF SERVICE**

      I certify that on this 22nd day of January 2007, the foregoing answer was served on Plaintiff by first class mail, postage prepaid:

Bozena Sarnecka-Crouch
112 - Fourth St., SE
Apt. 2
Washington, DC 20003


                                                     _____/s/_____
                                                     CLAIRE WHITAKER
                                                     Assistant United States Attorney