UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BOZENA SARNECKA-CROUCH,** )<br>)<br>Plaintiff, )<br>v. )<br>)<br>**JAMES BILLINGTON,** )<br>)<br>Defendant. )<br>_____) | Civil Action No. 06-1169 (ESH) |

**REPORT PURSUANT TO RULE 16.3**

Pursuant to L.Cv.R. 16.3 the parties hereby report to the Court that counsel for the parties conferred by telephone on May 8, 2007, May 10, 2007, and May 11, 2007.  As a consequence of this conference, the parties hereby report to the Court as follows:

**(1)** **Dispositive Motions**.  There are no pending motions at this time.  Plaintiff does not believe this case can be resolved by dispositive motion.  Defendant believes that the case can be partially resolved by dispositive motion.

**(2)** a. **Deadline for joining additional parties or amending pleadings.**

Plaintiff wishes to further amend the pleadings; Plaintiff believes she can file an amended complaint by May 31, 2007.

b. **Agreement as to factual and legal issues:**

The parties agree that the issue is whether or not Plaintiff was unlawfully discriminated or retaliated against in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and the Americans With Disabilities Act ("ADA").  Upon completion of discovery, the parties will attempt to narrow the factual and legal issues.

**(3)** **Assignment to Magistrate Judge.** The parties do not consent to the assignment of this case to the Magistrate Judge.

**(4)** **Prospects of Settlement.** The Plaintiff believes there is a possibility of settlement but does not believe the case should be stayed pending settlement discussions. Defendant believes it is too early to evaluate settlement potential.

**(5)** **Alternate Dispute Resolution (ADR).** Plaintiff does not consent to mediation.

**(6)** **Resolution by Summary Judgment.** The parties agree that any motions for summary judgment will be filed within forty-five (45) days after the close of discovery, with oppositions filed within thirty (30) days thereafter. The parties request that replies be filed within fifteen (15) days after the filing of the opposition. Defendant believes the case may be subject to partial resolution by Motion for Partial Summary Judgment.

**(7)** **Initial Disclosures**. The parties stipulate to waive Initial Disclosures.

**(8)** **Limitations on discovery.**

    **(a)** **Number of interrogatories.** The parties request twenty-five (25) interrogatories per side including all subparts.

    **(b)** **Number of depositions.**
The parties believe that fifteen (15) depositions per side, including experts, will be sufficient.

    **(c)** **Duration of depositions.** The parties request a maximum of seven (7) hours for each deposition.

    **(d)**     **Need for protective order.** Because sensitive personal and/or medical information may be exchanged, the parties may submit an appropriate protective order.

    **(e)**     **Date for completion of discovery.** One hundred and eighty (180) days from the date of the scheduling order.

**(9)**     **Exchange of Expert Witness Information.**

    (a)     Plaintiff's Disclosures: Sixty (60) days prior to the close of discovery.

    (b)     Defendant's Disclosures: Thirty (30) days after Plaintiff's disclosure(s).

**(10)**     **Class Action procedures.** Not applicable.

**(11)**     **Bifurcation of Trial and/or Discovery.** Both parties agree that there should be no bifurcation of trial or discovery.

**(12) (13) Dates for Pretrial Conference and Trial.**

The parties request that the Court not set a pretrial conference until after the ruling upon dispositive motions. After the ruling on dispositive motions, the parties request that the court set a status conference date to set the dates for pre-trial conference and trial.

**(14)**     **Other Matters.** Pursuant to the Court's Order,

    (a)     Plaintiff provides the following statement of Plaintiff's case:

Plaintiff Bozena Sarnecka-Crouch alleges discrimination in federal employment on the basis of age, disability, and reprisal for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000 et seq. ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et. seq., and the Americans With Disabilities Act

("ADA"), 29 U.S.C. § 12101, *et seq*. Plaintiff alleges she was removed from her position, moved to another job which made her sick, and constructively terminated from employment with the U.S. Government. Plaintiff has exhausted her administrative remedies.

(b)   Defendant provides the following statement of Defendant's case: Defendant denies any acts of discrimination based on age, disability and/or reprisal for engaging in protected activity under Title VII, and further avers that any employment decisions were for legitimate, non-discriminatory reasons. In addition, Defendant avers that Plaintiff has failed to exhaust her administrative remedies with respect to some of her claims.

      Respectfully submitted,

| | |
|---|---|
| /s/Bozena Sarnecka-Crouch | |
| Bozena Sarnecka-Crouch | JEFFREY TAYLOR, D.C. Bar #498610 |
| 112 Fourth Street, SE | United States Attorney |
| Apartment #2 | |
| Washington, D.C. 20003 | |
| (202) 547-5759 | RUDOLPH CONTRERAS, D.C. Bar #434122 |
| *Pro se* plaintiff | Assistant United States Attorney |
| | |
| | /s/ Sherease Louis |
| | SHEREASE LOUIS |
| | Special Assistant United States Attorney |
| | United States Attorney's Office, Civil Division |
| | 555 4th Street, N.W. |
| | Washington, D.C. 20530 |
| | (202) 307-0895 |
| | Counsel for Defendant |
| | |
| | Of Counsel for Defendant: |
| | Charles Tetreault, Assistant General Counsel |
| | Library of Congress |