# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SARNECKA-CROUCH, | ) |
| Plaintiff, | ) Civil Action No. 06-1169 (ESH) |
| v. | ) |
| JAMES BILLINGTON,<br>LIBRARIAN OF CONGRESS, | ) |
| Defendant. | ) |

## ANSWER TO SECOND AMENDED COMPLAINT

Defendant, James H. Billington, Librarian of Congress, by and through its undersigned attorneys, hereby answers the allegations in the Plaintiff's Second Amended Complaint ("the complaint") as follows:

### FIRST DEFENSE

Plaintiff has failed to exhaust her administrative remedies.

### SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

In response to the specifically-enumerated paragraphs, as set forth in the complaint, Defendant admits, denies and otherwise avers as follows:

### NATURE OF ACTION

1. Paragraph 1 of the complaint consists of characterizations of Plaintiff's claims and no response is necessary. To the extent that an answer is required, the allegations in this paragraph are denied.

2.   Paragraph 2 of the complaint consists of characterizations of the legal bases for Plaintiff's claims and no response is necessary. To the extent that an answer is required, the allegations in this paragraph are denied.

## JURISDICTION AND VENUE

3.   Paragraph 3 of the complaint sets forth legal conclusions and allegations of subject matter jurisdiction to which no response is required. To the extent a response is deemed necessary, the allegations in this paragraph are denied.

4.   Paragraph 4 of the complaint sets forth legal conclusions and allegations of venue to which no response is required. To the extent a response is deemed necessary, Defendant admits that venue is proper in this judicial district.

5.   Paragraph 5 of the complaint sets forth legal conclusions about an affirmative defense to which no response is required. To the extent a response is deemed necessary, the allegations in this paragraph are denied.

## PARTIES

6.   Paragraph 6 of the complaint sets forth legal conclusions and allegations of personal jurisdiction to which no response is necessary. To the extent a response is required, Defendant admits that Plaintiff is a female, and claims to be sixty-seven years of age, and a resident of the District of Columbia, but otherwise lacks sufficient information or knowledge to admit or deny the allegations, and therefore denies them.

7.   Paragraph 7 of the complaint sets forth legal conclusions and jurisdictional allegations to which no response is necessary. To the extent a response is required, Defendant admits the allegations in the first sentence of Paragraph 7 pertaining to Defendant's responsibilities as Librarian

of Congress. As to the second sentence of Paragraph 7, Defendant denies that the Rehabilitation Act applies to the Librarian of Congress, and admits that the Librarian of Congress may be named as a defendant in cases alleging violations of the ADEA and ADA, with respect to employment at the Library of Congress. The third sentence is not an averment of fact to which an answer is necessary. To the extent that an answer is deemed required, Defendant admits that he is sued in his official capacity only. Defendant denies the remaining allegations in the second and third sentences of Paragraph 7.

**ALLEGATIONS**

**I.    Background**

8.   Defendant admits that Plaintiff claims to be an attorney who is admitted to practice law in the District of Columbia, the Commonwealth of Pennsylvania, before the United States Supreme Court, and in Poland, but otherwise lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 8, and therefore denies them.

9.   Defendant admits that Plaintiff claims to have first earned her Juris Doctor degree from Warsaw University School of Law in Poland in 1964, and that Plaintiff later claims she traveled to the United States and studied law at Duke University School of Law, where she earned a second Juris Doctor degree in 1986. Defendant, however, lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 9, and therefore denies them.

10.   Defendant admits the allegations in the first and second sentences of Paragraph 10 of the complaint. As to the third sentence of Paragraph 10, Defendant admits that Plaintiff received promotions during her employment with the Library of Congress. Defendant admits the allegations in the fourth sentence of Paragraph 10.

11.     Defendant admits the allegations contained in Paragraph 11.

## II.     Elimination of Plaintiff's Position

12.     Defendant admits that, in or about September 2003, Dr. Medina hired Mr. W. Gary Sharp as the Law Library's Director of Legal Research.

13.     Defendant denies the allegations in the first sentence of Paragraph 13 of the complaint. As to the second sentence of Paragraph 13, Defendant lacks sufficient information or knowledge to admit or deny that Dr. Hsia retired earlier than he intended, and therefore denies the allegation. Defendant admits the allegations in the third and fourth sentences of Paragraph 13 insofar as they accurately convey the contents of Dr. Hsia's letter to Dr. Medina, and further avers that the letter itself is the best evidence of its contents.

14.     Defendant denies the allegations in the first sentence of Paragraph 14 of the complaint. Defendant admits the allegations in the second sentence of Paragraph 14, and denies the allegations in the third sentence of Paragraph 14.

15.     Defendant admits the allegations contained in Paragraph 15.

16.     Defendant admits the allegations contained in Paragraph 16.

17.     Defendant admits the allegation in Paragraph 17 that, in her Foreign Law Specialist position, Plaintiff's primary jurisdiction was Poland, but denies the allegation that Foreign Law Specialists have designated "secondary jurisdictions." With respect to the second sentence of Paragraph 17, Defendant lacks sufficient information or knowledge to admit or deny that Plaintiff was the only Foreign Law Specialist covering the fifteen jurisdictions of the former Soviet Union between 1993 and 1996, and accordingly denies the allegations. With respect to the third sentence of Paragraph 17, Defendant lacks sufficient information or knowledge to admit or deny that during

her sixteen years at the Library of Congress, Plaintiff also covered other Central and Eastern European jurisdictions, and therefore denies the allegations.  With respect to the fourth sentence of Paragraph 17, Defendant lacks sufficient information or knowledge to admit or deny that Plaintiff has regional knowledge of the legal systems in those jurisdictions, and therefore denies the allegations.  With respect to the fifth sentence of Paragraph 17, Defendant lacks sufficient information or knowledge to admit or deny that Plaintiff knows several Central and Eastern European languages including Polish, Russian, Ukranian, Slovak, Czech, Serbo-Croation, Bulgarian, French, German and Italian, and therefore denies the allegations.

      18.     Defendant admits the allegations contained in Paragraph 18.

      19.     Defendant admits the allegation contained in Paragraph 19 of the complaint that the Law Library could have retained Plaintiff as employee, but further avers that the Law Library had legitimate, non-discriminatory business reasons for abolishing Plaintiff's and other positions within the Law Library.

      20.     Defendant admits the allegations contained in Paragraph 20 of the complaint.  As to the second sentence of Paragraph 20, Defendant admits that Clare Feikert, Sayuri Umeda, and Gustavo Guerra are younger in age than Plaintiff and were not included in the Reduction-In-Force ("RIF") in 2004 that abolished Plaintiff's and other positions within the Law Library.  Defendant otherwise denies the allegations contained Paragraph 20 of the complaint.

      21.     Defendant denies the allegations contained in Paragraph 21.

      22.     Defendant admits the allegations contained in Paragraph 22.

23. Defendant admits the allegation contained in the first sentence of Paragraph 23 of the complaint that Plaintiff's complaint in EEO Case No. 04-51 was denied by the Library. As to the second sentence of Paragraph 23, Defendant admits that Plaintiff filed a request for reconsideration, and that it was denied. Defendant denies Plaintiff's characterization that the EEO complaint and the allegedly timely filed Request for Reconsideration were rejected. Additionally, as to the third sentence of Paragraph 23, Defendant lacks sufficient information or knowledge to admit or deny the allegation as to the date Plaintiff received particular correspondence from the Library regarding EEO Case No. 04-51. Defendant denies the remainder of the allegations contained in Paragraph 23.

**III.    Reassignment, Disability, Failure to Accommodate Disability and Termination**

24. Defendant admits the allegations contained in the first sentence of Paragraph 24 that, on June 22, 2004, before the RIF would become effective (on June 30, 2004), the Library offered Plaintiff a GS-11 position as a Copyright Specialist in the Literary Section of the Examining Division, Copyright Office. As to the second sentence of Paragraph 24, Defendant admits that the Copyright Specialist position did not require a Juris Doctor, or knowledge of foreign languages, and was three pay grades lower than Plaintiff's previous GS-14 position in the Law Library. Defendant admits the allegations contained in the third and fourth sentences contained in Paragraph 24. As to the fifth sentence of Paragraph 24, Defendant admits the allegation that Plaintiff accepted the vacant position (Copyright Specialist in the Literary Section of the Examining Division, Office of Copyright) to which she was entitled based on her retention preference but, denies the remainder of the allegations in the sentence.

25. Defendant lacks sufficient information or knowledge to admit or deny that it exposed Plaintiff to irradiated mail "on a constant basis" and accordingly denies the allegations contained

in Paragraph 25.

26.	Defendant admits the allegations contained in the first and second sentences of Paragraph 26 of the complaint. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in the third sentence of Paragraph 26, and therefore denies them.

27.	Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 27, and therefore denies them.

28.	Defendant admits the allegations contained in the first sentence of Paragraph 28 of the complaint. With respect to the second sentence of Paragraph 28, Defendant admits that Plaintiff's supervisor referred her to the Library's Health Services Office so that she could procure appropriate medical documents to support her request for an accommodation. As to the third sentence of Paragraph 28, Defendant lacks sufficient information or knowledge to admit or deny that Plaintiff sought the opinion of several medical doctors in her effort to obtain the required medical documentation requested by the Library, and therefore denies the allegation. Defendant admits the allegation in the third sentence of Paragraph 28 that Plaintiff was required to handle irradiated mail to satisfy the full-range of her job duties as a Copyright Specialist.

29.	Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in the first sentence of Paragraph 29 of the complaint that Plaintiff was examined by various medical specialists and that Plaintiff was taking several medications, and therefore denies them. Defendant admits the allegation contained in the first sentence that, on or about December 22, 2004, Plaintiff requested an accommodation that she "be reassigned to a position that does not involve exposure to irradiated mail." Defendant admits the allegation contained in the second sentence of Paragraph 29 that Plaintiff made the request made, on or about December 22, 2004, to

the Health Services Office.

30.   Defendant admits the allegations contained in the first sentence of Paragraph 30 of the complaint.  As to the second sentence of Paragraph 30, Defendant admits that Plaintiff's supervisor permitted Plaintiff to examine only "deposit account materials," which, upon information and belief, are generally not subject to any irradiation screening.

31.   Defendant denies the allegations contained in the first sentence of Paragraph 31 of the complaint.  Defendant admits the allegation contained in the second sentence of Paragraph 31 that, in June 2005, Plaintiff received a within-grade increase and that the SF-50 memorializing the increase states that Plaintiff's work performance was "at an acceptable level of competence."

32.   Defendant admits the allegations contained in the first sentence of Paragraph 32 of the complaint, that, in June 2005, the Library gave Plaintiff a Notice of Proposed Adverse Action because she could not perform the full-range of duties of the Copyright Specialist position.  Defendant admits the allegation contained in the second sentence of Paragraph 32 that, because of Plaintiff's alleged medical condition, she could not examine all of the materials she was required to examine in order to perform the major duties of her position.  Defendant admits the allegations contained in the third sentence of Paragraph 32 that Plaintiff timely filed a reply to the Notice of Proposed Adverse Action.

33.    Defendant admits the allegations contained in Paragraph 33.

34.   Defendant admits the allegations contained in the first sentence of Paragraph 33 of the complaint. Defendant denies the allegations contained in the second sentence of Paragraph 33.  As to the third sentence of Paragraph 33, Defendant admits the allegation that, on or around October 20, 2005, Plaintiff retired from her position, and further avers that Defendant lacks sufficient

information or knowledge to admit or deny the reasons Plaintiff retired, and therefore denies them. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in the remaining sentences of Paragraph 34, and therefore denies them.

### IV.   Failure to Provide Priority Placement

35.   Defendant admits the allegations contained in Paragraph 35 of the complaint..

36.   Defendant admits the allegations contained in the first sentence of Paragraph 36 of the complaint.  Defendant denies the allegations contained in the second sentence of Paragraph 36. Defendant admits the allegations contained in the third sentence of Paragraph 36.

37.   Defendant denies the allegations contained in Paragraph 37.

38.   Defendant denies the allegations contained in Paragraph 38.

### V.   Denial of Attorney-Adviser (International) Position

39.   Defendant admits the allegations contained in the first sentence of Paragraph 39 of the complaint that, in or about August 2004, Plaintiff applied for Vacancy Announcement No. 040112, Attorney-Advisor (International) GS-0905-14, in the Office of the Associate Register for Policy and International Affairs, Register's Office, Copyright Office, and otherwise denies the allegations contained in the first sentence.  As to the second sentence of Paragraph 39, Defendant denies the allegation that Plaintiff was qualified to perform the duties of Attorney-Advisor (International) GS-0905-14 in the Office of the Associate Register for Policy and International Affairs, Register's Office, Copyright Office.  Defendant admits the allegations contained in the third and fourth sentences of Paragraph 39.

40.   Defendant admits the allegation contained in Paragraph 40 of the complaint that Defendant hired Oliver Metzger, an attorney who is younger than Plaintiff, for the Attorney-Advisor

(International) GS-0905-14 position in the Office of the Associate Register for Policy and International Affairs, Register's Office, Copyright Office.

41. Defendant admits the allegations contained in the first and second sentences of Paragraph 41 of the complaint. As to the third sentence of Paragraph 41, Defendant admits that this claim was subsequently denied by the Library's EEO Office on March 3, 2006, and otherwise denies the allegations of the third sentence. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in the fourth sentence of Paragraph 41, and therefore denies them.

### VI. Denial of Legislative Attorney Position(s) in Congressional Research Service

42. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 42 of the complaint because Plaintiff did not allege the specific Vacancy Announcement(s) to which she allegedly applied, and therefore denies the allegations.

### VII. Denial of Legislative Attorney Position in Law Library

43. Defendant admits the allegations contained in the first sentence of Paragraph 43 of the complaint that, in February 2005, while working as a Copyright Specialist, Plaintiff applied for Vacancy Announcement No. 040259, a Legislative Attorney GS-11 grade position in the Law Library. Defendant admits the allegations contained in the second sentence of Paragraph 43. Defendant denies the allegations contained in the third sentence of Paragraph 43.

44. Defendant denies the allegations contained in the first sentence of Paragraph 44 of the complaint. Defendant admits the allegations contained in the second sentence of Paragraph 44. As to the third sentence of Paragraph 44, Defendant lacks sufficient information or knowledge to admit or deny the allegations, and therefore denies them.

45.     Defendant admits the allegations contained in the first sentence of Paragraph 45 of the complaint that Mr. Sharp, Plaintiff's second-level supervisor when she previously worked in the Law Library, was the selecting official for Vacancy Announcement No. 040259. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in the second and third sentences of Paragraph 45, and therefore denies them. Defendant admits the allegations contained in the fourth and fifth sentences of Paragraph 45.

46.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in the first two sentences of Paragraph 46 of the complaint, which are not alleged to have been memorialized in any written correspondence, and therefore denies them. Defendant admits the allegation contained in the third sentence of Paragraph 46 that the Law Library canceled Vacancy Announcement No. 040259.

47.     Defendant admits the allegations contained in Paragraph 47 of the complaint that Plaintiff filed an EEO claim of discrimination on April 1, 2005, and that this claim was denied by Defendant on March 3, 2006. Defendant further admits that Plaintiff subsequently requested reconsideration of the denial and that this request was denied on March 23, 2006. Defendant lacks sufficient information or knowledge to admit or deny that Plaintiff received the denial of her request for reconsideration on March 27, 2006, and accordingly denies the allegation. Defendant denies the remainder of the allegations contained in the six sentences of Paragraph 47.

**VIII.    Denial of Second Attorney- Advisor (International) Position**

48.     Defendant admits the allegations contained in the first sentence of Paragraph 48 of the complaint. Defendant denies the allegations contained in the second sentence of Paragraph 48. Defendant admits the allegations contained in the third sentence of Paragraph 48. Defendant lacks

sufficient information or knowledge to admit or deny the remaining allegations in this paragraph, and therefore denies them.

**IX.     Denial of Another Legislative Attorney Position in Congressional Research Service**

49.     Defendant admits the allegations contained in the first sentence of Paragraph 49 of the complaint that Plaintiff applied for a Legislative Attorney position, pay grade GS-13, in the Congressional Research Service, on or about June 25, 2006. Defendant admits the allegations contained in the second sentence of Paragraph 49.

## CLAIMS

### Count I:     Age Discrimination under the ADEA

50.     Defendant incorporates by reference each and every Answer stated in response to Paragraphs 1-49 as if fully stated herein.

51.     Defendant denies the allegations contained in Paragraph 51.

52.     Paragraph 52 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 52.

53.     Paragraph 53 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 53.

### Count II:     Retaliation under the ADEA

54.     Defendant incorporates by reference each and every Answer stated in response to Paragraphs 1-53 as if fully stated herein.

55.     Defendant admits the allegation contained in Paragraph 55 of the complaint that, in June 2004, the Library reassigned Plaintiff to a GS-11 position as a Copyright Specialist in the Literary Section, Examining Division, Copyright Office, which required handling irradiated mail.

56.     Paragraph 56 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 56.

57.     Paragraph 57 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 57.

58.     Paragraph 58 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 58.

### Count III:     Retaliation under the ADEA

59.     Defendant incorporates by reference each and every Answer stated in response to Paragraphs 1-58 as if fully stated herein.

60.     Defendant denies the allegations contained in Paragraph 60.

61.     Paragraph 61 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 61.

62.     Paragraph 62 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 62.

63. Paragraph 63 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 63.

### Count IV: Age Discrimination under the ADEA

64. Defendant incorporates by reference each and every Answer stated in response to Paragraphs 1-63 as if fully stated herein.

65. Defendant denies the allegations contained in Paragraph 65.

66. Paragraph 66 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 66.

67. Paragraph 67 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 67.

### Count V: Retaliation under the ADEA

68. Defendant incorporates by reference each and every Answer stated in response to Paragraphs 1-67 as if fully stated herein.

69. Defendant denies the allegations contained in Paragraph 69.

70. Paragraph 70 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 70.

71. Paragraph 71 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained

in Paragraph 71.

72. Paragraph 72 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 72.

### Count VI: Retaliation under the ADEA

73. Defendant incorporates by reference each and every Answer stated in response to Paragraphs 1-72 as if fully stated herein.

74. Defendant admits the allegations contained in Paragraph 74 of the complaint that Plaintiff's SF-50 dated June 25, 2005, stated that Plaintiff's "work performance is at an acceptable level of competence." Plaintiff admits the allegations contained in the second sentence of Paragraph 74 that, in June 2005, Plaintiff received a within-grade increase. Defendant admits the allegations contained in the third sentence of Paragraph 74.

75. Paragraph 75 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 75.

76. Paragraph 76 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 76.

77. Paragraph 77 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 77.

## Count VII: Constructive Discharge under the ADEA

78.     Defendant incorporates by reference each and every Answer stated in response to Paragraphs 1-77 as if fully stated herein.

79.     Defendant admits the allegations contained in the first sentence of Paragraph 79 that, in June 2004, the Library of Congress abolished three positions, including Plaintiff's, and retained other employees in the Law Library. Defendant admits the allegations contained in the second sentence of Paragraph 79 that, as part of a Reduction-in-Force, Plaintiff was assigned to a position in the Copyright Office which was a lower graded position than the position which Plaintiff had held in the Law Library. Defendant further admits that Plaintiff handled irradiated mail as part of her position in the Copyright Office. The third sentence of Paragraph 79 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in the third sentence of Paragraph 79. Defendant admits the allegations contained in the fourth sentence of Paragraph 79 that, in November 2004, the Library of Congress did not select Plaintiff for Vacancy Announcement No. 040112, Attorney-Advisor (International) GS-0905-14 in the Office of the Associate Register for Policy and International Affairs, Register's Office, Copyright Office. Defendant admits the allegations contained in the fifth sentence of Paragraph 79 that the Library of Congress did not select Plaintiff for a Legislative Attorney position in the Congressional Research Service. Defendant admits the allegations contained in the sixth sentence of Paragraph 79 that the Library of Congress did not select Plaintiff for Vacancy Announcement No. 040259. Defendant lacks sufficient information or knowledge to admit or deny the allegations in the seventh sentence of Paragraph 79 that Plaintiff was qualified to perform the duties of the aforementioned positions, and accordingly denies the allegation.

Defendant admits the allegations in the seventh sentence of Paragraph 79 that, in June 2005, the Library of Congress issued Plaintiff a Notice of Proposed Removal and the Plaintiff instead retired from the Library in October 2005.  Defendant denies the remainder of the allegations contained in Paragraph 79.

80.  Paragraph 80 is a statement of claims raised in the complaint to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 80.

81.  Paragraph 81 is a statement of claims raised in the complaint to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 81.

82.  Paragraph 82 is a statement of claims raised in the complaint to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 82.

**Count VIII: Retaliation under the ADA and the Rehabilitation Act**

83.  Defendant incorporates by reference each and every Answer stated in response to Paragraphs 1-82 as if fully stated herein.

84.  The first two sentences of Paragraph 84 of the claim consist largely of statements of claims raised in the complaint to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in the first two sentences of Paragraph 84, except that Defendant admits the allegation in the second sentence of Paragraph 84 that, in August 2004, Plaintiff made a request for an accommodation.  Defendant denies the allegations contained in the third sentence of Paragraph 84.  Defendant lacks sufficient information or knowledge to admit

or deny the allegations in the fourth sentence of Paragraph 84 that "Plaintiff then sought the opinion of several medical doctors, who documented her health injuries and her need for an accommodation," and therefore denies the allegations. Defendant denies the allegations in the fifth sentence of Paragraph 84. Defendant admits the allegations contained in the sixth, seventh, eighth, ninth, tenth, and eleventh sentences contained in Paragraph 84.

85.    Paragraph 85 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 85.

86.    Paragraph 86 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 86.

87.    Paragraph 87 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 87.

88.    Paragraph 88 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 88.

89.    Paragraph 89 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 89.

**INJURY**

90. Paragraph 90 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 90.

**REQUEST FOR RELIEF**

91. Paragraph 91 of the complaint constitutes Plaintiff's prayer for relief to which no response is required. To the extent that an answer is required to this paragraph, Defendant denies that Plaintiff is entitled to the relief requested in the complaint or to any relief whatsoever. Defendant avers that any award of compensatory damages would be subject to and limited by 42 U.S.C. §1981a, and that relief would be further limited by 42 U.S.C. §2000e-5(g)(2)(B).

**JURY DEMAND**

Defendant denies that Plaintiff is entitled to trial by jury for certain claims brought in the complaint.

**GENERAL DENIAL**

Defendant denies each and every allegation in the complaint that was not admitted or otherwise qualified.

**WHEREFORE**, having fully answered, Defendant respectfully prays that Plaintiff's complaint be dismissed and requests such further relief as the Court deems appropriate.

                    Respectfully submitted,

                    /s/
                    JEFFREY A. TAYLOR, D.C. Bar # 498610
                    United States Attorney

                    /s/
                    RUDOLPH CONTRERAS, D.C. Bar # 434122
                    Assistant United States Attorney

                    /s/
                    JOHN G. INTERRANTE
                    PA Bar # 61373
                    Assistant United States Attorney
                    Civil Division, Room E-4806
                    555 4th Street, N.W.
                    Washington, D.C. 20530
                    (202) 514-7220
                    John.Interrante@usdoj.gov

Dated:  January 14, 2008