UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAY 2 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SARNECKA-CROUCH,        )
                        )
            Plaintiff,  )   Civil Action No. 06-1169 (ESH)
                        )   ECF
    v.                  )
                        )
JAMES BILLINGTON,       )
LIBRARIAN OF CONGRESS,  )
                        )
            Defendant.  )
_____)

## CONSENT PROTECTIVE ORDER

This is an action in which Plaintiff alleges that Defendant discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.*, and the Americans with Disabilities Act, 29 U.S.C. §12101, *et seq.* In this case, Plaintiff seeks certain information and documents, the release of which might infringe upon the privacy interests of third parties or might otherwise compromise confidentiality. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and good cause having been shown, the parties agree that it be hereby ORDERED THAT:

(1) For purposes of this Order, "Confidential information" means social security numbers, dates of birth, medical and mental health history, criminal history, sensitive financial information, the private contents of employee personnel files, and other related information and documents the disclosure of which would constitute an unwarranted invasion of privacy.

(2) Parties shall designate the confidential information, including documents that each believes to be protected by this Order by labeling or stamping them "Confidential" at the time of production, copying or filing. Private data shall be redacted appropriately by counsel to avoid any unnecessary disclosure of personal data not relevant to this litigation.

(3) Upon request, counsel shall promptly explain the basis for designating information or documents as protected under this Order.

(4) Except as may be otherwise provided by further order of the Court or as otherwise stated herein, documents designated as Confidential, including extracts and summaries thereof, shall be used for no other purpose other than prosecuting or defending this action and shall be disclosed only to those persons identified in paragraph 7.

(5) If any document or information designated as "Confidential" is used or discussed during any deposition, and the deposition transcript contains such information or has, as an attachment, the document or information from the document, either party may designate the relevant portion of the deposition transcript or document as "Confidential."

(6) The right of access to all information and documents designated as subject to this Order (unless the parties have agreed otherwise or the Court enters an order permitting disclosure) shall be limited to: (a) the Court; (b) the parties; (c) counsel and all employees and/or professional assistants of counsel who have a need to review the information to aid effectively in the preparation of or litigation of this case; (d) consultants, investigators and experts involved in the preparation of or the litigation of this case; (e) other witnesses for plaintiffs and defendant to the extent it is necessary to elicit information relevant to the matters at issue in the case; and (f) any other person mutually authorized by counsel for plaintiffs and

defendant to be provided such information or to examine such documents. Counsel for the parties may provide information and show documents designated as subject to this Order to witnesses at depositions in this matter, but only if the portions of the depositions at which this information or documents are discussed, referred to, or shown are appropriately marked or labeled confidential. Any person having access to information or documents subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court.

(7) Except as provided herein, no person having access to information or documents designated as subject to this Order shall reveal to any person not named in paragraph 6 any such information or documents without further Order of the Court or stipulation of the parties, provided, however, that nothing contained herein shall restrict Plaintiffs use of their own confidential information or documents or the government's use of its own records for official business or for other purposes consistent with the Privacy Act and other applicable laws and regulations.

(8) Any party shall have the right to challenge any designation of Confidentiality by notifying the designating party in writing within 30 days of the designation of the information or document being designated as "Confidential." If the parties are unable to resolve their disagreement, the party seeking the designation may request an order from the court to determine that the designated information or documents under dispute are subject to the protection of this Order. During the pendency of such a motion, the information or documents shall be treated as "Confidential" within the meaning of this Order. Upon a judicial determination that a particular designation of confidentiality over a document is not justified, the information or document will no longer be subject to this Order.

(9) Nothing contained in this Order shall be construed as precluding plaintiffs or defendant from introducing documents that are subject to this Order, or the contents thereof, into evidence at trial or during pre-trial proceedings, including any dispositive motions or preliminary evidentiary proceedings in open court.   If these documents or their contents are to be used at trial, the Court may direct at that time the extent to which confidentiality shall be further protected.

(10) Within sixty (60) days of the conclusion of all trial and appellate proceedings in this case, including any litigation as to attorneys' fees and expenses, any and all documents, transcripts, and copies thereof designated as subject to this Order shall be destroyed or, at the request of opposing counsel, be returned to counsel by the clerk of the court.

(11) Any specific part or parts of the restrictions imposed by this protective order may be terminated at any time by agreement of the parties or by an Order of the Court.  This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, the local rules, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

(12) This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order or to apply to the Court for additional protections or limitations on information disclosed should either party believe additional protections or limitations are appropriate.

Respectfully submitted,

/s/ Will L. Crossley w/permission

Will L. Crossley, D.C. Bar # 498343
Stefanie Schneider, D.C. Bar # 979816
Wilmer Cutler Pickering Hale and Dorr, LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA
202-663-6645 phone
202-663-6363 fax
will.crossley@wilmerhale.com
stefanie.schneider@wilmerhale.com

Attorneys for Plaintiff

/s/ Jeffrey A. Taylor

Jeffrey A. Taylor, D.C. Bar #498610
United States Attorney

/s/ Rudolph Contreras

Rudolph Contreras, D.C. Bar #434122
Assistant United States Attorney

/s/ Megan M. Weis

Megan M. Weis
Special Assistant U.S. Attorney
United States Attorney's Office
Civil Division
555 4th Street, NW
Washington, D.C. 20530
(202) 514-5134

Attorneys for Defendant

It is so ORDERED by the Court this __19__ day of __May__, 2008.

/s/ Ellen S. Huvelle
Hon. Ellen S. Huvelle
United States District Judge

5