UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BOZENA SARNECKA-CROUCH,          )
                                 )
    Plaintiff,                   )
                                 )
    v.                           )    Civil Action No. 06-1169 (ESH)
                                 )    ECF
JAMES BILLINGTON,                )
LIBRARIAN OF CONGRESS,           )
                                 )
    Defendant.                   )
_____)

PLAINTIFF'S MOTION TO COMPEL

Plaintiff Bozena Sarnecka-Crouch, by and through undersigned counsel, hereby moves

this Court pursuant to Rule 37 of the Federal Rules of Civil Procedure, for an order compelling

complete responses to her First Set of Interrogatories and First Request for Production of

Documents, served on February 1, 2008.  The grounds for this motion are set forth in the

accompanying memorandum.

Plaintiff certifies that the parties have met and conferred as required by Fed. R. Civ. P.

37(a) and Local Rule 7(m).  This motion is opposed.

Respectfully submitted,

/s/ Will Crossley
Will Crossley (D.C. Bar No. 498343)
Sarah Stafford (D.C. Bar No. 490037)
WILMER CUTLER PICKERING
        HALE and DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6000 (phone)
(202) 663-6363 (fax)

*Attorneys for Plaintiff*

Dated: June 19, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BOZENA SARNECKA-CROUCH, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1169 (ESH) |
| | ) | ECF |
| JAMES BILLINGTON, | ) | |
| LIBRARIAN OF CONGRESS, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

It has been more than four months since Plaintiff Bozena Sarnecka-Crouch served her First Request for Production of Documents and First Set of Interrogatories on Defendant James Billington, Librarian of Congress, yet to date Defendant has refused to provide information or documents that are highly relevant to Plaintiff's case. Plaintiff alleges that the Library of Congress ("Library") discriminated and retaliated against her on the basis of her age and for having engaged in protected activity. This action stems from her claims that the Library improperly included her in a reduction-in-force ("RIF") when other employees had less seniority, subsequently reassigned her to an inferior employment position, posted and filled employment vacancies without giving Plaintiff the consideration for those jobs that she was entitled to receive, and ultimately caused her to be separated from the Library. Plaintiff is therefore entitled to discovery of information regarding other employees at the Law Library, employment vacancies at the Library during and following the RIF, and previous RIFs at the Library. Despite Plaintiff's good faith attempts to confer with Defendant regarding discovery, Defendant's actions have resulted in repeated and excessive delay. Defendant's refusal to provide adequate

discovery responses prohibits Plaintiff from fully and fairly litigating her case.  Plaintiff

therefore respectfully asks this Court to order Defendant to provide the requested discovery.

## BACKGROUND

Plaintiff served her First Request for Production of Documents and her First Set of

Interrogatories on Defendant on February 1, 2008.  (*See* Pl.'s First Req. for Produc. of Docs.;

Pl.'s First Set of Interrogs., Feb. 1, 2008 (attached as Exs. 1 & 2)).  As such, Defendant's

responses were due no later than March 5, 2008.[1]  Defendant failed to timely respond.

On March 6, 2008, Plaintiff's counsel contacted Defendant's counsel by email to inquire

as to the status of Defendant's discovery responses.  Defendant's counsel replied by email,

requesting additional time for the Library to respond.  After several failed attempts by Plaintiff's

counsel to reach Defendant's counsel by phone to negotiate a new timeline, the parties ultimately

agreed to an extension of time to and including April 4, 2008.

On April 4, Defendant responded by raising multiple objections to entire categories of

requests.  Defendant produced a single box of documents and a computer disc containing only a

portion of the Library's relevant employee regulations.  (*See* Defs.' Resp. to Pl.'s First Set of

Interrogs., April 4, 2008; Def's Resp. to Pl.'s First Req. for Produc. of Docs., April 4, 2008

(attached as Exs. 3 & 4)).  Notably missing from the production were documents or information

regarding other employees at the Law Library, employment vacancies during and following the

RIF, and previous RIFs by the Library.  The produced documents also included relatively few

emails or electronic documents.  The responses, however, indicated that Defendant had ordered

Plaintiff's personnel file and would be willing to produce merit selection files for positions to

which Plaintiff had applied, subject to the Court's entry of a protective order.  *Id.*

---

[1]      Pursuant to Fed. R. Civ. P. 33(b)(2) and Fed. R. Civ. P. 34(b)(2)(A), a party is required to respond within 30 days of being served.  Where service is made by mail, the time period is extended by 3 days. Fed. R. Civ. P. 6(d).

On April 22, 2008, Plaintiff's counsel contacted Defendant's counsel by email in an effort to discuss the insufficiency of Defendant's discovery responses. A conference between counsel was scheduled for May 7, 2008 to address the discovery concerns. On the evening before the conference, Plaintiff's counsel contacted Assistant United States Attorney John Interrante to confirm the location of the meeting. However, Special Assistant United States Attorney Megan Weis replied and informed Plaintiff's counsel that Mr. Interrante had taken extended medical leave, that as a result she would be representing Defendant in the matter, and that as Defendant's newly substituted counsel she was unable to address Plaintiff's discovery concerns at that time. Nonetheless, counsel conferred briefly by telephone on May 7, during which Plaintiff's counsel noted that she had not received either her personnel file or the merit selection files. Plaintiff's counsel agreed to Defendant's counsel's request for a protective order, and Defendant's counsel agreed to submit its standard protective order for Plaintiff's consent, to file the consent protective order with the Court and thereafter to produce the requested documents. In good faith, Plaintiff's counsel provided Defendant's newly substituted counsel a week to review the case files prior to a more comprehensive discussion about discovery.

Contrary to the parties' understanding, Defendant's counsel failed to contact Plaintiff's counsel concerning any of these matters over the next week. On May 14, 2008, Plaintiff's counsel contacted Defendant's counsel regarding the protective order, the personnel file, the merit selection files, and the postponed discovery conference. Defendant's counsel again agreed that the requested documents would be produced, and all counsel agreed to reschedule the postponed discovery conference for May 19, 2008.

Defendant then provided Plaintiff a copy of her personnel file. However, Defendant did not produce the merit selection files as promised, unilaterally asserting that a review of these

files would be unnecessarily time-consuming and would substantially increase the costs of litigation.  (*See* Pl. Ltr. to Def., May 23, 2008) ("Pl. May 23 Letter") (attached as Ex. 5)). Moreover, Defendant cancelled the discovery conference which had been scheduled for May 19, 2008.

Given the prolonged delay and Defendant's apparent refusal to confer about discovery, Plaintiff's counsel sent Defendant's counsel a letter on May 23, 2008 detailing the deficiencies of Defendant's discovery responses.  (*See* Pl. May 23 Letter" (Ex. 5)).  On the same day, the Court entered a consent protective order.

Beginning on June 2, 2009, the Library made the previously located merit selection files, as well as some documents located after Plaintiff's May 23 letter, available for Plaintiff's review on the Library's premises but failed to provide Plaintiff copies of the responsive documents. Defendant asserted it could not provide copies for several weeks, forcing Plaintiff to hire an outside vendor and pay for the expenses related to photocopying Defendant's documents.

On June 10, 2008, Defendant's counsel responded to Plaintiff's May 23 letter, indicating Defendant would not provide any additional documents to Plaintiff on the grounds that the remaining requests were either not relevant or unduly burdensome.  (*See* Def. Ltr. to Pl., June 10, 2008 ("June 10 Letter") (attached as Ex. 6)).  Specifically, Defendant's counsel asserted that Defendant has no obligation to provide information regarding similarly situated employees, employment vacancies for which Plaintiff was entitled to be considered, or previous RIFs. Counsel for the parties conferred by telephone on June 18, 2008 but were unable to reach an agreement on these issues.

## ARGUMENT

Plaintiff is entitled to obtain the information requested in the outstanding discovery requests. Courts construe the scope of discovery liberally in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). Federal Rule of Civil Procedure 26(b)(1) states that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). At the discovery stage courts construe relevance broadly to include information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *see also Thong v. Andre Chreky Salon*, 247 F.R.D. 193, 195 (D.D.C. 2008). Applying this standard, the information sought in Plaintiff's interrogatories and requests for production of documents is relevant and therefore discoverable.

A party may not withhold discovery requests on the basis of generalized objections that the requests are overbroad or unduly burdensome. Courts have made clear that a responding party may not "merely state in conclusory fashion that the requests are burdensome." *See, e.g.*, *U.S. ex rel. Fisher v. Network Software Associates*, 217 F.R.D. 240, 249 (D.D.C. 2003) (rejecting "boilerplate" objections based on burdensomeness). The court will only entertain an unduly burdensome objection where the responding party demonstrates how the request is "overly broad, burdensome, or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *Id.* at 246 (internal citations omitted). Defendant cannot meet this burden.

Defendant has objected to providing the following categories of information, all of which are either directly relevant or would lead to the discovery of admissible evidence. In each case, the relevance significantly outweighs the minimal burden imposed on Defendant.

- 5 -

I.      **Information About Employment Vacancies in the Library**

In Interrogatory No. 3, Plaintiff requested information about the Library's employment

vacancies for which she was entitled to be considered:

> Interrogatory No. 3:  With respect to every vacancy or available employment
> position at the LOC after January 1, 2004 for any Legal Specialist, Senior Legal
> Specialist, Foreign Law Specialist or any other attorney, researcher or librarian
> position of any grade and for any GS-14 graded position of any type, state and/or
> identify for each the background facts relating to the creation, posting, hiring,
> closure or postponement of the vacancy or employment position.  In your answer,
> please include at least the following information:
>    a.  title, grade and series for each vacancy or position;
>    b.  description of each vacancy or position;
>    c.  minimum qualifications required for each vacancy or position;
>    d.  all individuals involved in the creation, posting, hiring, closure or
>        postponement of each vacancy or position and the role(s) of each
>        person, including but not limited to applicants and all related LOC
>        personnel;
>    e.  for each Legal Specialist, Senior Legal Specialist, Foreign Law
>        Specialist or other attorney, researcher or librarian vacancy or
>        employment position, all facts, documents, and communications
>        relating to the decision to create, post, hire for, close or postpone the
>        vacancy or employment position;
>    f.  for each Legal Specialist, Senior Legal Specialist, Foreign Law
>        Specialist or other attorney, researcher or librarian vacancy or
>        employment position, all policies or procedures relating to the decision
>        to create, post, hire for, close or postpone the vacancy or employment
>        position, specifying how and why the policy related to the decision.

> Response to Interrogatory No. 3:  Defendant objects to this interrogatory as overly
> broad and not likely to lead to the discovery of admissible or relevant evidence.
> Defendant further objects to the interrogatory as unduly burdensome inasmuch as
> the Library does not maintain its vacancies or available employment positions by
> generic position titles.  To that extent, the request as written would require the
> Library to manually review more than 1000 Merit Selection Files.  In further
> response, the request seeks confidential and personal privacy information, which
> cannot be disclosed absent an appropriate protective order, and, in any event,
> without clarification by plaintiff of the appropriate scope of the information
> requested.

In a good faith effort to compromise with Defendant in light of his expressed concern

about the burden of locating the requested information, Plaintiff offered to rephrase her request

according to how the Library maintains its records. (*See* Pl. May 23 Letter) (Ex. 5). By Defendant's own admission, the Library is able to search its vacancies by grade level. (*See* Def. June 10 Letter) (Ex. 6). Nevertheless, Defendant has refused to conduct any search. (*See id.*)

Employment vacancies that were open or posted at the time of the RIF, as well as vacancies that occurred during the 18 months of Plaintiff's employment at the Library following the RIF, are highly relevant to Plaintiff's claims that the Library discriminated and retaliated against her by placing her in a GS-9 Copyright Specialist position and failing to give her priority placement consideration for new vacancies. Pursuant to Library of Congress Regulation ("LCR") 2021-2, as part of the RIF process Plaintiff was entitled to be placed in vacant, same-graded (GS-14) positions for which she qualified. If no such position was available, she was entitled to be placed in a same-graded position at her competitive level that was occupied by an employee with less seniority. The process was to repeat sequentially, using one-lower-graded positions each round until Plaintiff was placed in the highest graded position for which she was eligible. Plaintiff also participated in the Library's Priority Placement Program ("PPP") pursuant to LCR 2013-307. Under the PPP, after her initial placement, Plaintiff was entitled to priority consideration for all GS-14 vacancies for which she was minimally qualified. The information sought in Interrogatory No. 3, therefore, is relevant to Plaintiff's claims of disparate treatment during the RIF and that the Library failed to honor her rights and its obligations under these regulations in retaliation for her having filed an Equal Employment Opportunity (EEO) claim. *See Kedizor v. Talman Home Federal Savings and Loan Ass'n of Illinois,* 1990 WL 70855, No. 89-C-4188, *5-6 (N.D. Ill. May 10, 1990) (holding that plaintiff who alleged her inclusion in a reduction-in-force was age discrimination under the ADEA was entitled to evidence of jobs for which plaintiff was qualified during the time period in which defendant was obligated to place

plaintiff); *Manning v. General Motors*, 247 F.R.D. 646, 651 (D. Kan. 2007) (holding that a request for information and documents relating to vacant positions was "relevant on its face" where plaintiff alleged that defendant failed to accommodate his disability by not placing him in a vacant position).

Defendant's unwillingness to provide any discovery responsive to this request is untenable. This request is not unduly burdensome as it is limited in time to the period during and following the RIF and in scope to specific classes of employment positions within the Library. Furthermore, a protective order is currently in place, obviating any concern for the privacy of other employees.

## II.    Information About Employees in the Library

In Interrogatory Nos. 4 and 5, Plaintiff requested information about similarly situated employees in the Library, as follows:

> Interrogatory No. 4: Identify the employees in the Law Library of Congress and provide the following information about each: (a) name, (b) date of birth, (c) position title, (d) position grade and series, (e) level of seniority, (f) position description, including minimum qualifications required, for each employment position held, and (g) dates of employment for each employment position held.

> Response to Interrogatory No. 4: Defendant objects to this interrogatory, which asks for detailed information on every Law Library employee over the last twenty years as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible or relevant evidence. In further response, the request seeks confidential and personal privacy information, which cannot be disclosed absent an appropriate protective order, and, in any event, without clarification by plaintiff of the scope of the information requested.

> Interrogatory No. 5: For any and all employees of the Law Library of Congress who have held any responsibility or authority relating to the laws or rules of a foreign jurisdiction, without regard to whether such responsibility or authority was assigned or voluntarily assumed, state and/or identify the following information about each: (a) name, (b) date of birth, (c) position title, (d) position grade and series, (e) level of seniority, (f) position description, including minimum qualifications required, for each employment position held, (g) dates of

employment at the LOC, (h) the name of every related foreign jurisdiction(s) covered by each employee, (i) dates during which the employee held responsibility or authority for each foreign jurisdiction, and (j) for each employee, the annual number of queries or requests per foreign jurisdiction.

Response to Interrogatory No. 5:  Defendant objects to this interrogatory, which asks for detailed information on every Law Library employee who has held any responsibility or authority relating to the laws or rules of a foreign jurisdiction over the last twenty years as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible or relevant evidence.  In further response, the request seeks confidential and personal privacy information, which cannot be disclosed absent an appropriate protective order, and, in any event, without clarification by plaintiff of the scope of the information requested.

In the interests of cooperation and moving this case forward, Plaintiff's counsel subsequently offered to limit the timeframe of both interrogatories to 1994 to the present, and to limit the positions described in Interrogatory No. 5 to those that substantially involved the laws of foreign jurisdictions.  (*See* Pl. May 23 Letter) (Ex. 5).  Rather than confer with Plaintiff's counsel regarding these interrogatories, Defendant's counsel has continued to object and has not provided any discovery in response to these requests.  Nor has Defendant proposed an alternative for providing the information Plaintiff seeks.

Pursuant to LCR 2021-2, Plaintiff had a right to be placed after the RIF in a same-graded or lower-graded position occupied by an employee with less seniority provided that Plaintiff could be placed without special training.[2]  Here, Plaintiff, who had previously held a GS-14 Foreign Law Specialist position in the Law Library, was assigned to a GS-9 Copyright Specialist position that required her to undertake 18 months of special training.  In *Hayes v. Dep't of*

---

[2]      Pursuant to LCR 2021-3 § 7, a staff member affected by a RIF is entitled to be placed in a position at her grade level that is  "occupied by another staff member in the same competitive level who has less retention preference."   She is also entitled to be placed in a lower-graded position that is "occupied by another staff member who has less retention preference" so long as the position is "in the same series as the affected staff members competitive level."  Competitive level is defined as "all positions, occupied or vacant which are (1) in the same series and grade as the affected staff member's current position, or (2) in a closely related series at his/her current grade" that are so similar that "that the affected staff member might be reassigned or transferred to that position with no special training.

*Health and Human Servs.*, the court held that petitioners, who were entitled pursuant to the Federal Personnel Manual to displace employees in a particular tenure group, were entitled to a list of all positions in that tenure group, including title, series, grade, organizational location, and name of incumbent. 829 F.2d 1092, 1101-03 (Fed. Cir. 1987). The court reasoned that the information sought was relevant because petitioners needed this information to "potentially identify . . . positions that were assigned to employees who had lower retention standing." *Id.* Plaintiff is likewise entitled to discover whether there were other occupied, lower-graded positions that she was entitled to fill. Information regarding each position as well as the incumbent's grade level and seniority is critical to this inquiry.

Additionally, information relating to the age, seniority, position titles, and relative workloads of similarly situated employees in the Law Library is relevant in an employment discrimination case where Plaintiff alleges that she was treated differently than other employees on account of her age. Statistical information regarding the Library's employment practices can be used to establish the existence of a pattern of discrimination as well as the pretextual nature of an employer's proffered explanation. *See, e.g.*, *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 84 (2d Cir. 1990); *Lyoch v. Anheuser-Busch Companies, Inc.*, 164 F.R.D. 62, 66 (E.D. Mo. 1995).

Plaintiff's requests are not unduly burdensome. Upon information and belief, the Law Library consists of fewer than 100 employees. Defendant's conclusory statement that the request is unduly burdensome is an insufficient basis upon which to withhold relevant discovery materials.

- 10 -

### III.    Documents Relating to Other RIFs at the Library

In Document Request Nos. 7 and 13, Plaintiff requested documents relating to other RIFs

at the Library:

> Documents Request No. 7:  All documents relating to the elimination of any LOC
> employment position pursuant to a RIF, whether contemplated or executed,
> including, but not limited to, all documents that are in any way related to the
> decision not to include Karl Wennick or any other employee in the RIF which
> abolished employment positions effective in or about June 2004.

> Response to Documents Request No. 7:  Defendant objects to this request as
> overly broad, unduly burdensome and not likely to lead to the discovery of
> admissible evidence inasmuch as the Request asks for any documents that related
> to any RIF that occurred at the Library over the last twenty years.  In further
> response, the request seeks confidential and personal privacy information, which
> cannot be disclosed, absent an appropriate protective order, and, in any event,
> without clarification of the scope and relevance of the information requested.

> Documents Request No. 13: All documents related to the placement or
> assignment of employees in an employment position at the LOC following any
> RIF.

> Response to Documents Request No. 13:  Defendant objects to this request as
> overly broad, unduly burdensome and not likely to lead to the discovery of
> admissible evidence inasmuch as the Request asks for any documents that related
> to any RIF that occurred at the Library over the last twenty years.  In further
> response, the request seeks confidential and personal privacy information, which
> cannot be disclosed, absent an appropriate protective order, and, in any event,
> without clarification of the scope and relevance of the information requested.

In Plaintiff's May 23 letter, Plaintiff offered to limit the time period of these requests.

Despite this overture, Defendant has been unwilling to negotiate with Plaintiff.  (*See* Pl. May 23

Letter; Def. June 10 Letter) (Exs. 5 & 6).  Plaintiff has alleged that the 2004 RIF, which included

only senior employees in the Law Library, was age discrimination and that the Library further

discriminated and retaliated against her by not giving her priority consideration for vacancies at

her grade as required by the RIF and PPP regulations.

- 11 -

Plaintiff is entitled to discover the Library's practices and procedures in implementing RIFs because such discovery is likely to lead to admissible evidence. Discovery could show that the Library deviated from its standard procedures with respect to Plaintiff. Whether the Library acted consistent with its normal practices and procedures is evidence from which a fact finder can infer discrimination. *See, e.g.*, *Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89, 97 (2d Cir. 1999) (finding that ADEA plaintiff produced sufficient evidence to give rise to an inference of discrimination and stating that "[i]n carrying this burden, it is enough for a plaintiff to present evidence that an employer departed from its usual employment practices and procedures in dealing with that particular employee"). Alternatively, information about other RIFs could show a pattern and practice of using RIFs to discriminate against employees in a protected class. Such a pattern could raise an inference of discrimination in Plaintiff's case. As the court said in *Hollander*, "[e]vidence relating to company-wide practices may reveal patterns of discrimination against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive." 895 F.2d at 84. In either instance, information about other RIFs at the Library would be relevant to Plaintiff's claim of age discrimination.

Not only is the requested information relevant, the burden is low. It is Plaintiff's understanding that RIFs are rare at the Library. Plaintiff therefore believes that her request is sufficiently limited by its own terms. Defendant's conclusory objection that the request is unduly burdensome is insufficient. Notably, Defendant has not supported his assertion of burdensomeness by indicating the number of RIFs or quantity of responsive documents. Defendant should therefore be compelled to produce these documents.

- 12 -

**CONCLUSION**

For the foregoing reasons, Plaintiff asks this Court to enter an order compelling

Defendant to provide answers to the aforementioned Interrogatories and Requests for Production

of Documents.

Respectfully submitted,


/s/ Will Crossley

Will Crossley (D.C. Bar No. 498343)
Sarah Stafford (D.C. Bar No. 490037)
WILMER CUTLER PICKERING
HALE and DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6000 (phone)
(202) 663-6363 (fax)

*Counsel for Plaintiff*


Dated: June 19, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of June 2008, a copy of the foregoing Motion to

Compel and Memorandum in Support of Plaintiff's Motion to Compel was filed electronically

with the Clerk of the Court and thereby served on counsel for Defendant:

Megan M. Weis
Special Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530

                                        /s/ Will L. Crossley
                                        Will L. Crossley
                                        WILMER CUTLER PICKERING
                                          HALE and DORR LLP
                                        1875 Pennsylvania Avenue, N.W.
                                        Washington, D.C. 20006
                                        (202) 663-6000 (phone)
                                        (202) 663-6363 (fax)

- 14 -