# EXHIBIT 1

Case 1:06-cv-01169-ESH   Document 30-2   Filed 06/19/2008   Page 1 of 13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BOZENA SARNECKA-CROUCH, )
)
    Plaintiff, )
)
v. )  Civil Action No. 06-1169 (ESH)
)  ECF
JAMES BILLINGTON, )
    Librarian of Congress, )
)
    Defendant. )
_____ )

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Bozena Sarnecka-Crouch ("Ms. Sarnecka-Crouch") hereby requests that Defendant James Billington produce the documents set forth below at the offices of Wilmer Cutler Pickering Hale and Dorr, LLP, 1875 Pennsylvania Avenue, N.W., Washington, D.C. 20006, within 30 days of the date of service of this request for production of documents.

### DEFINITIONS AND INSTRUCTIONS

1.    None of the definitions, instructions or requests for production of documents set forth herein shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the definition, instruction, or request.

2. The terms "Ms. Sarnecka-Crouch" or "Plaintiff" mean Bozena Sarnecka-Crouch or her attorneys, agents, representatives, or any other person acting or purporting to act on behalf of Ms. Sarnecka-Crouch.

3. The terms "you," "your," "LOC" and "Defendant" mean the Library of Congress and all agents, servants, directors, representatives, employees, attorneys, consultants, or any other person acting or purporting to act on behalf of Defendant.

4. The terms "document" and "documents" are used in the broadest sense permitted by Fed. R. Civ. P. 34. The terms shall include, without limitation, the original, all non-identical copies, and all drafts of any notes, correspondence, memoranda (including written memoranda of telephone conversations, e-mail, other communications, discussions, agreements and any other acts, transactions or activities), invoices, business records, time sheets, contracts, agreements, pamphlets, receipts, financial statements, records, bonds, requisitions, bills, plans, drawings, specifications, sound recordings, minutes, diaries, calendars, forms, statements, journals, letters, telegrams, notices, interoffice and intra-office communications, photostats, microfilms, microfiches, studies, reports, analyses, messages, comparisons, graphs, charts, summaries, films, photographs, tapes, advertisements, computer disks, computer-stored data and data bases, printouts, source codes, object codes and any other medium for the storage or retrieval of information, and any other written matter of any kind including, but not limited to, any marginal comments appearing on any documents or any other writing. A document in the possession, custody or control of another person is considered to be in the possession, custody or control of the Defendant if the Defendant has a right or privilege to examine it upon request or demand.

5. "Communication" and "communications" mean any transmission of information by any means whatsoever, including, without limitation, oral statements and conversations, telephonic, electronic and mechanical communications, letters, e-mails, other correspondence, other written communications, and any other method of transmitting information, ideas, opinions, or thoughts.

6. "Relate to," "relating to," "related to," "concern," and "concerning" mean pertaining to, referring to, involving, embodying, constituting, containing, comprising, evidencing, discussing, mentioning, describing, regarding, reflecting, identifying, or in any other way connected with the named subject matter directly or indirectly.

7. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the requests all responses that might otherwise be construed outside the scope.

8. The term "person" means any natural person or any business, legal, labor, or governmental entity or association.

9. The terms "laws" and "rules" include any statutes, regulations, rules, treaties, orders, legal opinions, interpretive rulings, resolutions, or other codes or binding authority promulgated by any international, federal, state, local, or municipal governing authority or professional regulatory entity.

10. "Each" shall be construed to include and encompass "all."

11. As used herein, "including" means including without limitation.

12. As used herein, the present tense shall also include the past tense.

13. The use of the singular form of any word includes the plural and vice versa.

14. If you object to any portion of this request for production of documents, respond to the portions to which your objection does not apply and expressly indicate to which portions your objection applies.

15. Should Defendant withhold any requested information for any reason, Defendant is requested to state the basis for the withholding in a manner sufficient to determine the validity of the withholding. If you claim that any communication or document responsive to any request is privileged, each privileged communication or document should be fully identified in writing, except that the substance thereof need not be described to the extent it is claimed to be privileged. To "identify" a communication or document claimed to be privileged means to state:

    a. The date and nature of the document;

    b. The type and subject or heading of the document;

    c. The identity of the author, addressee(s); copy addressee(s); blind copy addressee(s) and others to whom the document was disclosed, if any;

    d. The substance of the communication or document to the extent it is not privileged;

    e. The nature of the privilege claimed; and

    f. The Bates number or other identification number of the document, if any.

16. If no documents exist that are responsive to a particular request, please state that no documents exist. If any responsive document has been destroyed, please state that the document was destroyed, when it was destroyed, under what circumstances, and describe the contents of the document.

17. In the event that any responsive document had been, but no longer is, within your possession, custody or control, or that of your attorneys or agents, identify every person to whom it was transferred and the present custodian of the document, and describe the contents of the document.

18. If in responding to these requests you claim any ambiguity in either a document request or an applicable definition or instruction, identify in your response the language you consider ambiguous and state the interpretation of the language you used in responding.

19. These requests are continuing and require supplemental responses and production to the extent required by Fed. R. Civ. P. 26(e).

20. Unless otherwise stated, the time period covered by these requests includes May 1, 1988 through the present.

## DOCUMENT REQUESTS

1. All documents relating to the Library of Congress's ("LOC") organizational structure and categorization of employees including, but not limited to, organizational charts.

2. All documents relating to the LOC's employee or personnel policies and procedures after January 1, 2004 including, but not limited to:

    a. Employee handbooks;

    b. Employee policies;

    c. LOC regulations;

    d. Policies implementing or interpreting laws or rules prohibiting age discrimination;

    e.      Policies implementing or interpreting laws or rules prohibiting disability discrimination;

    f.      Equal employment policies;

    g.      Equal Employment Opportunity ("EEO") or Equal Employment Opportunities Complaint Office ("EEOCO") policies and procedures;

    h.      Grievance policies and procedures;

    i.      Collective bargaining agreements;

    j.      Hiring/job selection policies;

    k.      Termination policies;

    l.      Retirement policies;

    m.      Compensation and bonus plans;

    n.      Benefits plans;

    o.      Employee pay scales;

    p.      Promotion policies;

    q.      Reduction in force policies;

    r.      Retention preferences; and

    s.      Priority Placement Program policies.

3. All documents relating to Ms. Sarnecka-Crouch including, but not limited to:

    a.      Any personnel file on Ms. Sarnecka-Crouch;

    b.      Documents relating to Ms. Sarnecka-Crouch's educational history, legal experience, or work qualifications;

    c.    Job descriptions, job responsibilities, primary and secondary jurisdictions, back-up duties, participation on committees, workload records, assignment records, and any other documents related to positions held or duties assumed by Ms. Sarnecka-Crouch;

    d.    Commendations, evaluations, performance reviews, documents related to promotions, complaints, admonitions, disciplinary actions, adverse actions, and any other documents related to Ms. Sarnecka-Crouch's job performance;

    e.    Personnel action recommendations and any documents considered in connection with those recommendations;

    f.    Documents in any way related to Ms. Sarnecka-Crouch's application for any position at the LOC or the LOC's evaluation of Ms. Sarnecka-Crouch for any positions;

    g.    Documents relating to Ms. Sarnecka-Crouch's retention rights, her inquiries regarding vacancies, proposed placements for Ms. Sarnecka-Crouch, and any efforts undertaken by the LOC to retain Ms. Sarnecka-Crouch or assign her to other positions in the LOC on or after January 1, 2004;

    h.    Documents relating to Ms. Sarnecka-Crouch's participation in the Priority Placement Program including, but not limited to, any efforts undertaken by the LOC to maintain her name on a priority placement register, identify

        vacancies for which she may be minimally qualified, or refer her to selecting officials for any vacancies after January 1, 2004;

    i.    All weekly literary reports and any other documents related to Ms. Sarnecka-Crouch's productivity in any position she held at the LOC;

    j.    Documents sufficient to show all benefits Ms. Sarnecka-Crouch received during her employment at the LOC, subsequent to her separation from the LOC, and that she is currently receiving relating to her employment at the LOC including, but not limited to, salary, health benefits, life insurance benefits, pension/retiree benefits, or other fringe benefits; and

    k.    Documents sufficient to show any loss of benefits, possible or actual, as a result of Ms. Sarnecka-Crouch's separation from the LOC.

4.    All documents relating to informal or formal grievances or complaints made by Ms. Sarnecka-Crouch related to her employment with the LOC including, but not limited to, EEO Case No. 04-51, EEO Case No. 05-32, EEO Case No. 05-66, EEO Case No. 05-84, Grievance 2004-492, and Grievance 2006-01, all documents related to any response thereto, whether contemplated or actual, and all documents related to any attempted resolution of the complaint or grievance.

5.    All documents relating to any allegations of age discrimination, hostile work environment based on age, or retaliation made by any employees of the LOC after January 1, 1994 including, but not limited to, informal or formal grievances or complaints, all documents related to any response thereto, whether contemplated or actual, and all documents related to any attempted resolution of the allegation.

6.  All documents that are related in any way to the decision to eliminate Ms. Sarnecka-Crouch's position in the reduction in force ("RIF"), which abolished her employment position effective in or about June 2004.

7.  All documents relating to the elimination of any LOC employment position pursuant to a RIF, whether contemplated or executed, including, but not limited to, all documents that are in any way related to the decision not to include Karl Wennick or any other employee in the RIF which abolished employment positions effective in or about June 2004.

8.  Documents sufficient to explain the BATS system, the data it analyzes, the types of reports it generates, when it was introduced, and any changes or upgrades BATS has undergone.

9.  Documents relating to any complaints or objections to BATS made by foreign law specialists or any union representing the interests of LOC employees.

10. All vacancy announcements, official or unofficial job descriptions, the criteria for selection, minimum qualifications, the training requirements, the grade and series, the compensation, and the potential for promotion of the employment position of Copyright Specialist (Examining), GS-1210-09 ("Copyright Specialist position").

11. Documents sufficient to show the job title, grade and series, compensation, job description, and minimum qualifications required for all vacancies or available employment positions for all Legal Specialist, Senior Legal Specialist, Foreign Law Specialist or any other attorney, researcher, and librarian positions of any grade and all GS-14 graded positions of any type in the LOC after January 1, 2004.

12. All documents relating to any employment position for which Ms. Sarnecka-Crouch applied including, but not limited to, any vacancy announcement, official or unofficial job description, the criteria for selection, minimum qualifications, the training requirements, the grade and series, the compensation, the potential for promotion, any list of applicants, the interview questions of all applicants, any notes taken before, during, or after the interview of all applicants, any formal or informal evaluations of all applicants, any offer of employment, and any communication of non-selection for employment.

13. All documents related to the placement or assignment of employees in an employment position at the LOC following any RIF.

14. All documents relating to the placement or assignment, whether contemplated or executed, of any employee in an employment position at the LOC pursuant to the Priority Placement Program.

15. All documents in any way related to the LOC's decision to cancel, discontinue, terminate, or eliminate the Legislative Attorney GS-0905-11 position.

16. All documents relating to the qualifications, application, hiring, retention, or promotion of Andrew Weber for any position at the LOC on any basis, including on a contract basis.

17. All documents relating to the possibility of health effects associated with the handling of irradiated material including, but not limited to, memoranda, reports, studies, official documents, complaints, allegations, or queries.

18. All documents relating to Ms. Sarnecka-Crouch's complaints about her health including, but not limited to, correspondence to or from Ms. Sarnecka-Crouch, correspondence

to or from Ms. Sarnecka-Crouch's attorney, medical documentation, requests to be transferred to a position other than Copyright Specialist on account of health, and internal communications at the LOC.

19. All documents in any way related to Ms. Sarnecka-Crouch's requests for an accommodation or the LOC's responses to her requests.

20. All documents in any way related to the June 10, 2005 Notice of Proposed Adverse Action and the October 4, 2005 Notice of Adverse Action.

21. All documents reflecting policies that are related to, were reviewed, or were discussed within the LOC prior to giving Ms. Sarnecka-Crouch a notice of removal including, but not limited to, LOC regulations, policy manuals, statements of procedure, and collective bargaining agreements.

22. All documents relating to the hiring, purpose for hire, and end of employment of Walter Gary Sharp at the LOC.

23. All documents that relate in any way to any allegation of discrimination or any instance of misconduct by Walter Gary Sharp, Rubens Medina, Jessie James, Esq., or Teresa Smith during their employment with any agency in the federal government.

24. All documents that relate in any way to the affirmative defenses set forth in the Answer to the Second Amended Complaint.

25. All documents which the LOC intends to rely on or introduce at the trial of this action.

Dated: February 1, 2008

/s/ Will Crossley

Will Crossley (D.C. Bar No. 498343)
Stefanie Schneider (*Admitted only in
N.Y. Supervised by members of the firm
who are members of the D.C. Bar)

WILMER CUTLER PICKERING
  HALE and DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6000 (phone)
(202) 663-6363 (fax)

Attorneys for Plaintiff
Bozena Sarnecka-Crouch