# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BOZENA SARNECKA-CROUCH,         )
                                )
    Plaintiff,                  )
                                )
    v.                          )   Civil Action No. 06-1169 (ESH)
                                )   ECF
JAMES BILINGTON.                )
    Librarian of Congress,      )
                                )
    Defendant.                  )
_____)

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Bozena Sarnecka-Crouch ("Ms. Sarnecka-Crouch") hereby propounds the following interrogatories on Defendant James Billington, to be answered separately and in writing under oath, within 30 days of the date of service of these interrogatories.

## DEFINITIONS AND INSTRUCTIONS

1. None of the definitions, instructions, or interrogatories set forth herein shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the definition, instruction, or interrogatory.

2. The term "Ms. Sarnecka-Crouch" or "Plaintiff" means Bozena Sarnecka-Crouch or her attorneys, agents, representatives, or any other person acting or purporting to act on behalf of Bozena Sarnecka-Crouch.

3. The terms "you," "your," "LOC" and "Defendant" mean the Library of Congress, and all agents, servants, directors, representatives, employees, attorneys, consultants, or any other person acting or purporting to act on behalf of Defendant.

4. "Communication" and "communications" mean any transmission of information by any means whatsoever, including, without limitation, oral statements and conversations, telephonic, electronic and mechanical communications, letters, e-mails, other correspondence, other written communications, and any other method of transmitting information, ideas, opinions, or thoughts.

5. The terms "identify," "specify," and "state," as used here, mean the following:

   a. With respect to a document, to provide a description sufficient to identify that document for purposes of a request to produce or a subpoena *duces tecum*, and is further a request to state (i) the date the document was created or prepared, (ii) the identity of the author of the document, (iii) the addressee(s) of the document, if any, (iv) the identification of the person, if any, who provided it to you, or the means by which you acquired knowledge of its contents or obtained access to it, (v) a summary of the substance of the document, and (vi) the name and address of the person or persons having custody and/or control thereof;

   b. With respect to a natural person, to provide (i) the person's full name, (ii) the person's occupation, employment position description, and/or title, (iii) the person's business or residential address, and (iv) the relationship between the person and Ms. Sarnecka-Crouch or Defendant;

- 2 -

c. With respect to a person other than a natural person, to provide (i) the full name, present or last known address of the principal place of business of the corporation, partnership, proprietorship, association or other organization to be identified, and (ii) its relationship with Ms. Sarnecka-Crouch or Defendant;

d. With respect to a communication means, to provide (i) a summary of its substance, (ii) the identification of any document or documents evidencing, describing, concerning, or relating in any way to the communication, (iii) the identity of the party initiating each communication, (iv) the identity of any person or persons involved in the communication and what was communicated, said, typed, or written by each person, (v) the date and time of the communication, and (vi) the place at which the communication occurred;

e. With respect to an act, occurrence, happening, meeting, conversation, or event, to provide a complete description of the act, occurrence, happening, meeting, conversation, or event sufficient to distinguish it from all other acts, occurrences, happenings, meetings, conversations, or events, and further is to state (i) the person or persons performing the act or involved in the occurrence, (ii) the date on which the act, occurrence, happening, meeting, conversation, or event occurred, (iii) the duration of the act, occurrence, happening, meeting, conversation, or event, and (iv) the place at which the act, occurrence, happening, meeting, conversation, or event occurred;

    f. With respect to a place or location, to state the full name and address, the type of facility (e.g., warehouse, office, file room, storeroom), and the dates when such place or location was used for the activity inquired about.

6. The terms "document" and "documents" are used in the broadest sense permitted by Fed. R. Civ. P. 34. The terms shall include, without limitation, the original, all non-identical copies, and all drafts of any notes, correspondence, memoranda (including written memoranda of telephone conversations, e-mail, other communications, discussions, agreements and any other acts, transactions or activities), invoices, business records, time sheets, contracts, agreements, pamphlets, receipts, financial statements, records, bonds, requisitions, bills, plans, drawings, specifications, sound recordings, minutes, diaries, calendars, forms, statements, journals, letters, telegrams, notices, interoffice and intra-office communications, photostats, microfilms, microfiches, studies, reports, analyses, messages, comparisons, graphs, charts, summaries, films, photographs, tapes, advertisements, computer disks, computer-stored data and data bases, printouts, source codes, object codes and any other medium for the storage or retrieval of information, and any other written matter of any kind including, but not limited to, any marginal comments appearing on any documents, or any other writing. A document in the possession, custody, or control of another person is considered to be in the possession, custody, or control of the Defendant if the Defendant has a right or privilege to examine it upon request or demand.

7. "Relate to," "relating to," "related to," "concern," and "concerning" mean pertaining to, referring to, involving, embodying, constituting, containing, comprising, evidencing, discussing, mentioning, describing, regarding, reflecting, identifying, or in any other way connected with the named subject matter, whether directly or indirectly.

- 4 -

8. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatories all responses that might otherwise be construed outside the scope.

9. The term "person" means any natural person or any business, legal, labor, or governmental entity or association.

10. The terms "laws" and "rules" include any statutes, regulations, rules, treaties, orders, legal opinions, interpretive rulings, resolutions, or other codes or binding authority promulgated by any international, federal, state, local, or municipal governing authority or professional regulatory entity.

11. "Each" shall be construed to include and encompass "all."

12. As used herein, "including" means including without limitation.

13. As used herein, the present tense shall also include the past tense.

14. The use of the singular form of any word includes the plural and vice versa.

15. Separate and complete sworn responses are required for each interrogatory.

16. If you object to any portion of any interrogatory, respond to the portions to which your objection does not apply.

17. Should Defendant withhold any requested information for any reason, Defendant is requested to state the basis for the withholding in a manner sufficient to determine the validity of the withholding. If you claim that any responsive information is privileged, each privileged communication or document should be fully identified in writing, except that the substance thereof need not be described to the extent it is claimed to be privileged. To "identify" a communication or document claimed to be privileged means to state:

- 5 -

    a. The date on which the document was prepared or the communication occurred;

    b. The identity of the authors of the document or the person or persons who were the parties to the communication;

    c. The addressee(s) of the document, if any;

    d. The type and subject or heading of the document;

    e. The substance of the communication or document to the extent it is not privileged.

    f. The nature of the privilege claimed; and

    g. The Bates number or other identification number of the document, if any.

18. If you are unable to answer any of the following interrogatories fully and completely, after exercising due diligence to secure the information necessary to make full and complete answers, so state. In addition, answer each such interrogatory to the fullest extent possible, specifying your knowledge and your inability to answer the remainder, and state whatever information or knowledge you may have concerning the unanswered portions of the interrogatory.

19. If in answering these interrogatories you claim any ambiguity in either the interrogatory or an applicable definition or instruction, identify in your response the language you consider ambiguous and state the interpretation of the language you used in responding.

20. These interrogatories are continuing and require supplemental responses as required by Fed. R. Civ. P. 26(e).

21.    Unless otherwise stated, the time period covered by these interrogatories includes May 1, 1988 through the present.

## INTERROGATORIES

1.    With regard to the decision to institute a reduction in force ("RIF"), which abolished employment positions effective in or about June 2004, and the decision to eliminate Ms. Sarnecka-Crouch's position as Foreign Law Specialist as part of that RIF, state and/or identify each fact and consideration relating to each decision, including but not limited to the following information:

   a. all individuals involved in the decision and the role of each;

   b. every reason for the institution of the RIF;

   c. all alternative actions considered in lieu of eliminating the position;

   d. all facts, documents, and communications relating to the decision;

   e. all policies or procedures relating to the decision, specifying which you contend support or permit the decision and which support or permit an alternative action.

2.    With regard to the June 10, 2005 Notice of Proposed Adverse Action and the October 4, 2005 Notice of Adverse Action to Ms. Sarnecka-Crouch, state and/or identify every fact and consideration relating to the decision to issue each notice, including but not limited to the following information:

   a. all individuals involved in issuing each notice and the role of each person;

   b. every reason for issuing each notice;

   c. all alternative actions considered in lieu of issuing each notice;

    d. all facts, documents, and communications relating to each notice;

    e. all policies or procedures relating to each notice, specifying which you contend support or permit the decision and which support or permit an alternative action.

3. With respect to every vacancy or available employment position at the LOC after January 1, 2004 for any Legal Specialist, Senior Legal Specialist, Foreign Law Specialist or any other attorney, researcher or librarian position of any grade and for any GS-14 graded position of any type, state and/or identify for each the background facts relating to the creation, posting, hiring, closure or postponement of the vacancy or employment position. In your answer, please include at least the following information:

    a. title, grade and series for each vacancy or position;

    b. description of each vacancy or position;

    c. minimum qualifications required for each vacancy or position;

    d. all individuals involved in the creation, posting, hiring, closure or postponement of each vacancy or position and the role(s) of each person, including but not limited to applicants and all related LOC personnel;

    e. for each Legal Specialist, Senior Legal Specialist, Foreign Law Specialist or other attorney, researcher or librarian vacancy or employment position, all facts, documents, and communications relating to the decision to create, post, hire for, close or postpone the vacancy or employment position;

    f. for each Legal Specialist, Senior Legal Specialist, Foreign Law Specialist or other attorney, researcher or librarian vacancy or employment position, all

- 8 -

policies or procedures relating to the decision to create, post, hire for, close or postpone the vacancy or employment position, specifying how and why the policy related to the decision.

4. Identify the employees in the Law Library of Congress and provide the following information about each: (a) name, (b) date of birth, (c) position title, (d) position grade and series, (e) level of seniority, (f) position description, including minimum qualifications required, for each employment position held, and (g) dates of employment for each employment position held.

5. For any and all employees of the Law Library of Congress who have held any responsibility or authority relating to the laws or rules of a foreign jurisdiction, without regard to whether such responsibility or authority was assigned or voluntarily assumed, state and/or identify the following information about each: (a) name, (b) date of birth, (c) position title, (d) position grade and series, (e) level of seniority, (f) position description, including minimum qualifications required, for each employment position held, (g) dates of employment at the LOC, (h) the name of every related foreign jurisdiction(s) covered by each employee, (i) dates during which the employee held responsibility or authority for each foreign jurisdiction, and (j) for each employee, the annual number of queries or requests per foreign jurisdiction.

6. With respect to every employment position for which Ms. Sarnecka-Crouch applied after March 2004, state and/or identify all applicants for every such position, providing the following information about each: (a) name, (b) date of birth, (c) position title at the time of application, (d) level of seniority at the time of application, (e) qualifications at the time of application, (f) years of experience at the time of application, (g) any applicant-related list upon

- 9 -

which they were included, (h) whether the applicant was selected for an interview, (i) whether the applicant was selected for the position, (j) reasons for selection or non-selection for the position, and (k) dates of employment at the LOC.

7. State and/or identify what steps, if any, you took to retain and reassign Ms. Sarnecka-Crouch to another employment position and to identify employment positions at the LOC for which she was minimally qualified after February 1, 2004.

8. Identify all facts and documents that you contend support your affirmative defenses in Defendant's Answer to Plaintiff's Second Amended Complaint or that are inconsistent in any way with such affirmative defenses.

9. Identify, by name and address, the individuals who supplied information on which the answers to Plaintiff's interrogatories are based and, for each such person, identify the specific interrogatories for which he or she supplied such information.

10. Identify, by name and address, the individuals who participated in any way in locating or providing documents in response to Plaintiff's requests for production of documents to Defendant, specifying for each such person the specific requests in which the person participated in preparing a response.

Dated: February 1, 2008

/s/ Will Crossley
Will Crossley (D.C. Bar No. 498343)
Stefanie Schneider (*Admitted only in
NY. Supervised by members of the firm
who are members of the DC bar.)
WILMER CUTLER PICKERING
  HALE and DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6000 (phone)
(202) 663-6363 (fax)

Attorneys for Plaintiff
Bozena Sarnecka-Crouch