# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARNECKA-CROUCH, | ) |
| Plaintiff, | ) Civil Action No. 06-1169 (ESH) |
| v. | ) |
| JAMES BILLINGTON, LIBRARIAN OF CONGRESS, | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant, James Billington, Librarian of Congress, by and through its undersigned attorneys, responds to the Plaintiff's First Set of Interrogatories as follows:

**GENERAL OBJECTIONS AND QUALIFICATIONS**

1.  The information supplied in this response is that produced after a reasonable search of those areas likely to contain the information sought and is that currently available to Defendant's agents, representatives, employees, and/or its attorneys, unless privileged, and Defendant therefore reserves the right to supplement, clarify, revise or correct at any time any or all of the information contained in this response should additional or different information become available through discovery or otherwise.

2.  In providing this response to the discovery request, Defendant does not in any manner admit or imply that he considers any of the responses hereto, or any documents produced pursuant to the discovery request, to be relevant or material to the subject matter of this action or to the claims or defenses of any party herein, or that such discovery request or documents are reasonably

calculated to lead to the discovery of admissible evidence.

3. Defendant does not waive and hereby reserves his right to assert any and all objections to the admissibility into evidence at the trial of this action, or in any other proceeding, of any response to the discovery request or any document produced or referred to in response to the discovery request, on any and all grounds, including, but not limited to, competency, relevance, materiality, and privilege. Defendant does not waive any objection that he might have to any other discovery request involving or relating to the subject matter of the discovery request.

4. Defendant therefore objects to all discovery to the extent that any inquiry seeks information protected by the attorney-client privilege, or any other evidentiary privilege, or is conditionally protected under the work-product doctrine.

5. Defendant therefore objects to all discovery to the extent that it seeks information that is protected from disclosure pursuant to the deliberative process privilege, which protects agency deliberations leading to any final decision, policy or rulemaking.

6. Defendant reserves the right to object to the use of its response to the discovery request in any proceeding other than the above-captioned action.

7. Defendant objects to all discovery that is unreasonably cumulative or duplicative, or is equally or already, available to Plaintiff.

8. Defendant objects to all discovery to the extent that any inquiry seeks to have Defendant create documents that do not exist.

9. Defendant objects to any inquiry that seeks information which, if disclosed, would violate a statute or regulation.

10. Defendant objects to the time frame to all discovery to the extent that the requests

seek information outside the period relating to the alleged adverse employment actions challenged in the lawsuit.

## INTERROGATORIES

**Interrogatory No. 1:** With regard to the decision to institute a reduction in force ("RIF"), which abolished employment positions effective in or about June 2004, and the decision to eliminate Ms. Sarnecka-Crouch's position as Foreign Law Specialist as part of that RIF, state and/or identify each fact and consideration relating to each decision, including, but not limited to the following information:

    a.    all individuals involved in the decision and the role of each;
    b.    every reason for the institution of the RIF;
    c.    all alternative actions considered in lieu of eliminating the position;
    d.    all facts, documents, and communications relating to the decision;
    e.    all policies or procedures relating to the decision, specifying which you contend support or permit the decision and which support or permit an alternative action.

**Response to Interrogatory No. 1:** Responsive information may be found in the affidavit of Walter Gary Sharp, former Director of Legal Research for International, Comparative and Foreign Law at the Law Library of Congress, contained in the Report of Investigation EEO No. 04-51 at Tab 11, which is attached hereto. In further response, Defendant refers plaintiff to the documents maintained by the Library's Human Resources Services and by the Law Library, which are also attached hereto.

**Interrogatory No. 2:** With regard to the June 10, 2005, Notice of Proposed Adverse Action and the October 4, 2005, Notice of Adverse Action to Ms. Sarnecka-Crouch, state and/or identify every fact and consideration relating to the decision to issue each notice, including, but not limited to the following information:

3

    a.    all individuals involved in issuing each notice and the role of each person;
    b.    every reason for issuing each notice;
    c.    all alternative actions considered in lieu of issuing each notice;
    d.    all facts, documents, and communications relating to each notice;
    e.    all policies or procedures relating to each notice, specifying which you contend support or permit the decision and which support or permit an alternative action.

**Response to Interrogatory No. 2:** Responsive information may be found in Plaintiff's Adverse Action file maintained by the Library's Office of Workforce Management which is attached hereto.

**Interrogatory No. 3:** With respect to every vacancy or available employment position at the LOC after January 1, 2004, for any Legal Specialist, Senior Legal Specialist, Foreign Law Specialist or any other attorney, researcher or librarian position of any grade and for any GS-14 graded position of any type, state and/or identify for each the background facts relating to the creation, posting, hiring, closure or postponement of the vacancy or employment position. In your answer, please include at least the following information.

    a.    title, grade and series for each vacancy or position;
    b.    description of each vacancy or position;
    c.    minimum qualifications required for each vacancy or position;
    d.    all individuals involved in the creation, posting, hiring, closure or postponement of each vacancy or position and the role(s) of each person, including but not limited to applicants and all related LOC personnel;
    e.    for each Legal Specialist, Senior Legal Specialist, Foreign Legal Specialist or other attorney, researcher or librarian vacancy or employment position, all facts documents, and communications relating to the decision to create, post, hire for, close or postpone the vacancy or employment position;
    f.    for each Legal Specialist, Senior Legal Specialist, Foreign Legal Specialist or other attorney, researcher or librarian vacancy or employment position, all policies or procedures relating to the decision to create, post, hire for, close or postpone the vacancy or employment position, specifying how and why the policy related to the decision.

**Response to Interrogatory No. 3:** Defendant objects to this interrogatory as overly broad

4

and not likely to lead to the discovery of admissible or relevant evidence. Defendant further objects to the interrogatory as unduly burdensome inasmuch as the Library does not maintain its vacancies or available employment positions by generic position titles. To that extent, the request as written would require the Library to manually review more than 1000 Merit Selection Files. In further response, the request seeks confidential and personal privacy information, which cannot be disclosed, absent an appropriate protective order, and, in any event, without clarification by plaintiff of the scope and relevance of the information requested.

**Interrogatory No. 4:** Identify the employees in the Law Library of Congress and provide the following information about each: (a) name, (b) date of birth, ( c) position title, (d) position garde and series, (e) level of seniority, (f) position description, including minimum qualifications required, for each employment position held, and (g) dates of employment for each employment position held.

**Response to Interrogatory No. 4:** Defendant objects to this interrogatory, which asks for detailed information on every Law Library employee over the last twenty years, as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible or relevant evidence. In further response, the request seeks confidential and personal privacy information, which cannot be disclosed, absent an appropriate protective order, and, in any event, without clarification by plaintiff of the scope and relevance of the information requested.

**Interrogatory No. 5:** For any and all employees of the Law Library of Congress who have held any responsibility or authority relating to the laws or rules of a foreign jurisdiction, without regard

5

to whether such responsibility or authority was assigned or voluntarily assumed, state and/or identify the following information about each: (a) name, (b) date of birth, (c) position title, (d) position grade and series, (e) level of seniority, (f) position description, including minimum qualifications required, for each employment position held, (g) dates of employment at the LOC, (h) the name of every related foreign jurisdiction(s) covered by each employee, (I) dates during which the employee held responsibility or authority for each foreign jurisdiction, and (j) for each employee, the annual number of queries or requests per foreign jurisdiction.

**Response to Interrogatory No. 5**: Defendant objects to this interrogatory, which asks for detailed information on every Law Library employee who has held any responsibility or authority relating to the laws or rules of a foreign jurisdiction over the last twenty years, as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible or relevant evidence. In further response, the request seeks confidential and personal privacy information, which cannot be disclosed, absent an appropriate protective order, and, in any event, without clarification by plaintiff of the scope and relevance of the information requested.

**Interrogatory No. 6**: With respect to every employment position for which Ms. Sarnecka-Crouch applied after March 2004, state and/or identify all applicants for every such position, providing the following information about each: (a) name, (b) date of birth, (c) position title at the time of the application, (d) level of seniority at the time of application, qualifications at the time of application, (f) years of experience at the time of application, (g) any applicant-related list upon which they were included, (h) whether the applicant was selected for an interview, (i) whether the applicant was selected for the position, and (k) dates of employment at the LOC.

6

**Response to Interrogatory No. 6**: Defendant objects to this interrogatory not likely to lead to the discovery of admissible or relevant evidence. In further response, the request seeks confidential and personal privacy information, which cannot be disclosed, absent an appropriate protective order, and, in any event, without clarification by plaintiff of the scope and relevance of the information requested. Subject to and without waiving its general and specific objections, Defendant will allow Plaintiff to review the Merit Selection Files for the positions to which Plaintiff applied subject to the Court granting a Motion for a Protective Order.

**Interrogatory No. 7**: State and/or identify what steps, if any, you took to retain and reassign Ms. Sarnecka-Crouch to another employment position and to identify employment positions at the LOC for which she was minimally qualified after February 1, 2004.

**Response to Interrogatory No. 7**: The steps that the Library took to assist Ms. Sarnecka-Crouch in applying for another position so that she could return to her GS-14 grade level may be found in the documents maintained by the Library's Human Resources Services which are attached hereto in response to Interrogatory No. 1. In further response, Defendant reserves the right to supplement, clarify, revise or correct at any time any or all of the information contained in this response should additional or different information become available through discovery or otherwise.

**Interrogatory No. 8**: Identify all facts and documents that you contend support your affirmative defenses in Defendant's Answer to Plaintiff's Second Amended Complaint or that are inconsistent in any way with such affirmative defenses.

7

**Response to Interrogatory No. 8:** The facts and documents which support Defendant's affirmative defenses are contained in the Reports of Investigation (EEO Case Nos. 04-51; 05-32; 05-66) which are attached hereto; Plaintiff's formal complaint of discrimination (EEO Case No. 05-84) which is attached hereto; Plaintiff's Adverse Action file which was provided in response to Interrogatory No. 2; and Plaintiff's file maintained by the Health Services Office which is attached hereto.

**Interrogatory No. 9:** Identify, by name and address, the individuals who supplied information on which the answers to Plaintiff's interrogatories are based and, for each such person, identify the specific interrogatories for which he or she supplied information.

**Interrogatory No. 10:** Identify, by name and address, the individuals who participated in any way in locating or providing documents in response to Plaintiff's request for production of documents to Defendant, specifying for each such person the specific requests in which the person participated in preparing a response.

**Response to Interrogatory Nos. 9 and 10:** Meredith Skowronski located documents responsive to Document Request Nos. 1 and 2; Ricardo Grijalva and Bill DeBlander located documents responsive to Request No. 4; Sandra Charles located documents responsive to Request Nos. 17, 18, 19; Linda Knight located documents responsive to Request Nos 20 and 21. All the aforementioned individuals are located at 101 Independence Avenue, SE, Washington, DC, 20540.

       For objections only,


       _/s/_____
       JEFFREY A. TAYLOR, D.C. Bar # 498610
       United States Attorney


       _/s/_____
       RUDOLPH CONTRERAS, DC Bar#434122
       Assistant United States Attorney


       _/s/_____
       JOHN G. INTERRANTE
       PA Bar # 61373
       Assistant United States Attorney
       Civil Division, E-4806
       555 4th Street, N.W.
       Washington, D.C. 20530
       (202) 514-7220
       (202) 514-8780 (fax)
       John.Interrante@usdoj.gov

Dated: April 4, 2008

## **CERTIFICATION AS TO ANSWERS**

I hereby certify that the Responses to Plaintiff's First Set of Interrogatories are true to the best of my knowledge based upon information provided to me by the responsible Library of Congress officials and employees, as of the date of these interrogatories.

_____
JULIA DOUDS
Attorney
Library of Congress

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by First-Class mail, postage prepaid, and by electronic mail, to plaintiff's counsel of record, Will Crossley, Esq., Wilmer Cutler Pickering Hale and Dorr, LLP, 1875 Pennsylvania Avenue, N.W., Washington, D.C. 20006, on this 4th day of April, 2008.

                                         /s/
                                  JOHN G. INTERRANTE
                                  Assistant United States Attorney