# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARNECKA-CROUCH, </br></br>   Plaintiff, </br></br> v. </br></br> JAMES BILLINGTON, </br> LIBRARIAN OF CONGRESS, </br></br>   Defendant. | ) </br> ) </br> ) </br> ) Civil Action No. 06-1169 (ESH) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant, James Billington, Librarian of Congress, by and through its undersigned attorneys, responds to the Plaintiff's First Request for Production of Documents to Defendant as follows:

### GENERAL OBJECTIONS AND QUALIFICATIONS

1. The information supplied in this response is that produced after a reasonable search of those areas likely to contain the information sought and is that currently available to Defendant's agents, representatives, employees, and/or its attorneys, unless privileged, and Defendant therefore reserves the right to supplement, clarify, revise or correct at any time any or all of the information contained in this response should additional or different information become available through discovery or otherwise.

2. In providing this response to the discovery request, Defendant does not in any manner admit or imply that he considers any of the responses hereto, or any documents produced pursuant to the discovery request, to be relevant or material to the subject matter of this action or to the claims or defenses of any party herein, or that such discovery request or documents are reasonably

calculated to lead to the discovery of admissible evidence.

3.  Defendant does not waive and hereby reserves his right to assert any and all objections to the admissibility into evidence at the trial of this action, or in any other proceeding, of any response to the discovery request or any document produced or referred to in response to the discovery request, on any and all grounds, including, but not limited to, competency, relevance, materiality, and privilege. Defendant does not waive any objection that he might have to any other discovery request involving or relating to the subject matter of the discovery request.

4.  Defendant therefore objects to all discovery to the extent that any inquiry seeks information protected by the attorney-client privilege, or any other evidentiary privilege, or is conditionally protected under the work-product doctrine.

5.  Defendant therefore objects to all discovery to the extent that it seeks information that is protected from disclosure pursuant to the deliberative process privilege, which protects agency deliberations leading to any final decision, policy or rulemaking.

6.  Defendant reserves the right to object to the use of its response to the discovery request in any proceeding other than the above-captioned action.

7.  Defendant objects to all discovery that is unreasonably cumulative or duplicative, or is equally or already, available to Plaintiff.

8.  Defendant objects to all discovery to the extent that any inquiry seeks to have Defendant create documents that do not exist.

9.  Defendant objects to any inquiry that seeks information which, if disclosed, would violate a statute or regulation.

10. Defendant objects to the time frame to all discovery to the extent that the requests

seek information outside the period relating to the alleged adverse employment actions challenged in the lawsuit.

## RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 1:** All documents relating to the Library of Congress's ("LOC") organizational structure and categorization of employees, including, but not limited to organizational charts.

**Response to Request No. 1:** Defendant objects to this request, which asks for all organizational charts for every division, Service and Infrastructure Unit in the Library for the last twenty years as overly broad and not likely to lead to the discovery of admissible or relevant evidence. Defendant further objects to Request No. 1 as vague inasmuch as Defendant does not understand the expression "categorization of employees." Subject to and without waiving its general and specific objections, responsive information may be found in the organizational chart of the Library attached hereto.

**Request No. 2:** All documents relating to the LOC's employee or personnel policies and procedures after January 1, 2004, including, but not limited to:

    a.    Employee handbooks:
    b.    Employee policies;
    c.    LOC regulations;
    d.    Policies implementing or interpreting laws or rules prohibiting age discrimination;
    e.    Policies implementing or interpreting laws or rules prohibiting disability discrimination;
    f.    Equal employment policies;
    g.    Equal Employment Opportunity ("EEO") or Equal Employment Opportunity Complaints Office ("EEOC") policies and procedures;
    h.    Grievance policies and procedures;
    I.    Collective Bargaining Agreements;
    j.    Hiring/Job selection policies;
    k.    Termination policies;
    l.    Retirement policies;

    m.    Compensation and bonus plans;
    n.    Benefits plans;
    o.    Employee pay scales;
    p.    Promotion policies;
    q.    Reduction in Force policies;
    r.    Retention Preferences;
    s.    Priority Placement Program policies.

**Response to Request No. 2:** Defendant objects to this request as overly broad, unduly burdensome, vague, and not likely to lead to the discovery of admissible or relevant information insofar as the following written rules, guidelines, policies and procedures that apply to the Library (in whole or in part) include, but may not be limited to: Title 5 of the United States Code; Title 2 of the United States Code; Title 5 of the Code of Federal Regulation; Title 42 of the United States Code; Title 29 of the Code of the Federal Regulations; Title 40 of the Code of Federal Regulations; the Congressional Accountability Act; every policy, regulation, fact sheet or guidance issued by the Office of Personnel Management addressing employee benefits or employment; every Library of Congress Regulation (LCR), especially those in the 2000 series, of which there are currently 143 separate regulations; every Directive ever issued by the Director, Human Resources Services of the Library of Congress; Department of Transportation transit subsidy guidelines; Department of Labor guidelines on safety; the Fair Labor Standards Act; and the four Collective Bargaining Agreements in effect for Library of Congress authorized unions. Subject to and without waiving Defendant's general and specific objections, responsive information may be found in the disk containing the Library's Human Resources Services regulations, which is attached hereto.

**Request No. 3:** All documents relating to Ms. Sarnecka-Crouch, including, but not limited to:

    a.    Any personnel file on Ms. Sarnecka-Crouch;
    b.    Documents relating to Ms. Sarnecka-Crouch's educational history, legal experience, or work qualifications;
    c.    Job descriptions, job responsibilities, primary and secondary jurisdictions, back-up

4

       duties, participation on committees, workload records, assignment records, and any other documents related to positions held or duties assumed by Ms. Sarnecka-Crouch;

d. Commendations, evaluations, performance reviews, documents related to promotions, complaints, admonitions, disciplinary actions, adverse actions, and any other documents related to Ms. Sarnecka-Crouch's job performance;

e. Personnel action recommendations and any documents considered in connection with those recommendations;

f. Documents in any way related to Ms. Sarnecka-Crouch's application for any position at the LOC or the LOC's evaluation of Ms. Sarnecka-Crouch for any position;

g. Documents relating to Ms. Sarnecka-Crouch's retention rights, her inquiries regarding vacancies, proposed placements for Ms. Sarnecka-Crouch or assign her to other positions in the LOC on or after January 1, 2004;

h. Documents relating to Ms. Sarnecka-Crouch's participation in the Priority Placement Program including, but not limited to, any efforts undertaken by the LOC to maintain her name on a priority placement register, identify vacancies for which she may be minimally qualified, or refer her to selecting officials for any vacancies after January 1, 2004.

I. All weekly literary reports and any other documents that relate to Ms. Sarnecka-Crouch's productivity in any position she held at the LOC;

j. Documents sufficient to show all benefits Ms. Sarnecka-Crouch received during her employment at the LOC, subsequent to her separation from the LOC, and that she is currently receiving relating to her employment at the LOC including, but not limited to, salary, health benefits, life insurance benefits, pension/retiree benefits, or other fringe benefits; and

k Documents sufficient to show any loss of benefits, possible or actual, as a result of Ms. Sarnecka-Crouch's separation from the LOC.

**Response to Request No. 3:** Defendant refers plaintiff to the following documents as containing information that may be responsive to this Request: Reports of Investigation Nos 04-51; 05-32; 05-66 which were provided in response to Interrogatory No. 8; Plaintiff's formal complaint of discrimination (EEO Case No. 05-84) which was provided in response to Interrogatory No. 8; Plaintiff's Adverse Action file which was provided in response to Interrogatory No. 2; and Plaintiff's file maintained by the Health Services Office which is provided in response to Interrogatory No. 8. A copy of Plaintiff's Official Personnel File has been requested from the National Personnel Records Center and will be provided to Plaintiff once received by the Library. In addition,

5

Defendant will allow Plaintiff to review the Merit Selection Files for the positions to which Plaintiff applied subject to the Court granting a Motion for a Protective Order.

**Request No. 4:** All documents relating to informal or formal grievances or complaints made by Ms. Sarnecka-Crouch related to her employment with the LOC including, but not limited to, EEO Case No. 04-51, EEO Case No. 05-32, EEO Case No. 05-66, EEO Case No. 05-84, Grievance 2004-492, and Grievance 2006-01, all documents related to any response thereto, whether contemplated or actual and all documents related to any attempted resolution of the complaint or grievance.

**Response to Request No. 4:** See documents provided in response to Interrogatory No. 8; see also documents attached hereto.

**Request No. 5:** All documents relating to any allegations of age discrimination, hostile work environment based on age, or retaliation made by any employees of the LOC after January 1, 1994, including, but not limited to, informal or formal grievances or complaints, all documents related to any response thereto, whether contemplated or actual, and all documents related to any attempted resolution of the allegation.

**Response to Request No. 5:** Defendant objects to this request as overly broad, unduly burdensome and not likely to lead to the discovery of admissible or relevant evidence. Because the Library does not maintain records of EEO complaints and grievances indexed by allegation, the Library would have to manually review more than 700 complaints. In further response, the request seeks confidential and personal privacy information, which cannot be disclosed, absent an appropriate protective order, and, in any event, without clarification by plaintiff of the scope and

6

relevance of the information requested.

**Request No. 6:** All documents that are related in any way to the decision to eliminate Ms. Sarnecka-Crouch's position in the reduction in force ("RIF"), which abolished her employment position effective in or about June 2004.

    **Response to Request No. 6:** See documents provided in response to Interrogatory No.1.

**Request No. 7:** All documents relating to the elimination of any LOC employment position pursuant to a RIF, whether contemplated or executed, including but not limited to, all documents that are in any way related to the decision not to include Karl Wennick or any other employee in the RIF which abolished employment positions effective in or about June 2004.

    **Response to Request No. 7**: Defendant objects to this request as overly broad, unduly burdensome and not likely to lead to the discovery of admissible or relevant evidence inasmuch as the Request asks for any documents related to any RIF that occurred at the Library over the last twenty years. In further response, the request seeks confidential and personal privacy information, which cannot be disclosed, absent an appropriate protective order, and, in any event, without clarification by plaintiff of the scope and relevance of the information requested.

**Request No. 8:** Documents sufficient to explain the BATS system, the data it analyzes, the types of reports it generates, when it was introduced, and any changes or upgrades BATS has undergone.

**Response to Request No. 8:** Defendant is not aware of any documents responsive to this Request.

**Request No. 9:** Documents relating to any complaints or objections to BATS made by foreign law specialists or any union representing the interests of LOC employees.

**Response to Request No. 9:** Defendant is not aware of any documents responsive to this Request.

**Request No. 10:** All vacancy announcements, official or unofficial job descriptions, the criteria for selection, minimum qualifications, the training requirements, the grade and series, the compensation, and the potential for promotion of the employment position of Copyright Specialist (Examining), GS-1210-09 ("Copyright Specialist position").

**Response to Request No. 10:** Defendant objects to this request as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible or relevant evidence, and therefore cannot respond without clarification by plaintiff of the scope and relevance of the information requested.

**Request No. 11:** Documents sufficient to show the job title, grade and series, compensation, job description, and minimum qualifications required for all vacancies or available employment positions for all Legal Specialist, Senior Legal Specialist, Foreign Law Specialist or any other attorney, researcher, and librarian positions of any grade and all GS-14 graded positions of any type in the LOC after January 1, 2004.

**Response to Request No. 11:** Defendant objects to Request No. 11 as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible or relevant evidence, and therefore cannot respond without clarification by plaintiff of the scope and relevance of the information requested.

**Request No. 12:** All documents relating to any employment position for which Ms. Sarnecka-Crouch applied including, but not limited to, any vacancy announcement, official or unofficial job description, the criteria for selection, minimum qualifications, the training requirements, the grade and series, the compensation, the potential for promotion, any list of applicants, the interview questions of all applicants, any notes taken before, during, or after the interview of all applicants, any formal or informal evaluations of all applicants, any offer of employment, and any communications of non-selection for employment.

**Response to Request No. 12:** Defendant will allow Plaintiff to review the Merit Selection Files for the positions to which Plaintiff applied subject to the Court granting a Motion for a Protective Order.

9

**Request No. 13:** All documents related to the placement or assignment of employees in an employment position at the LOC following any RIF.

**Response to Request No. 13:** Defendant objects to this request as overly broad and not likely to lead to the discovery of admissible or relevant evidence inasmuch as the Request asks for any documents related to any RIF that occurred at the Library over the last twenty years. In further response, the request seeks confidential and personal privacy information, which cannot be disclosed, absent an appropriate protective order, and, in any event, without clarification by plaintiff of the scope and relevance of the information requested.

**Request No. 14:** All documents relating to the placement or assignment, whether contemplated or executed, of any employee in an employment position at the LOC pursuant to the Priority Placement Program.

**Response to Request No. 14:** Defendant objects to the request as overly broad and not likely to lead to the discovery of admissible or relevant evidence inasmuch as the Request asks for any documents related to any priority placement program as a result of a RIF that occurred at the Library over the last twenty years. In further response, the request seeks confidential and personal privacy information, which cannot be disclosed, absent an appropriate protective order, and, in any event, without clarification by plaintiff of the scope and relevance of the information requested.

**Request No. 15:** All documents in any way related to the LOC's decision to cancel, discontinue, terminate, or eliminate the Legislative Attorney GS-0905-11 position.

**Response to Request No. 15:** Defendant objects to this request as vague inasmuch as the Request does not identify which Legislative Attorney position to which it is referring. In further response, Defendant cannot respond to the request without clarification by plaintiff of the scope and relevance of the information requested.

**Request No. 16:** All documents relating to the qualifications, application, hiring, retention, or promotion of Andrew Weber for any position at the LOC on any basis, including on a contract basis.

**Response to Request No. 16:** Defendant object to this request as not likely to lead to the discovery of admissible or relevant evidence. Subject to and without waiving its general or specific objections, Defendant will allow Plaintiff to review the Merit Selection File for the position(s) at the Library to which Andrew Weber applied subject to the Court granting a Motion for a Protective Order.

**Request No. 17:** All documents relating to the possibility of health effects associated with the handling of irradiated material including but not limited to, memoranda, reports, studies, official documents, complaints, allegations or queries.

**Response to Request No. 17:** Defendant objects to this request as unduly burdensome inasmuch as the Library of Congress does not maintain records indexed by the "possibility of health effects associated with the handling of irradiated material." Subject to and without waiving its general and specific objections, besides complaints made by Plaintiff (see response to Request No. 18 below), Defendant is not aware of any documents responsive to this Request.

11

**Request No. 18:** All documents relating to Ms. Sarnecka-Crouch's complaints about her health including, but not limited to, correspondence to or from Ms. Sarnecka-Crouch, correspondence to or from Ms. Sarnecka-Crouch's attorney, medical documentation, requests to be transferred to a position other than Copyright Specialist on account of health, and internal communications at the LOC.

**Response to Request No. 18:** See documents provided in response to Interrogatory No. 8.

**Request No. 19:** All documents in any way related to Ms. Sarnecka-Crouch's requests for an accommodation or the LOC's responses to her requests.

**Response to Request No. 19:** See documents provided in response to Request No. 18.

**Request No. 20:** All documents in any way related to the June 10, 2005 Notice of Proposed Adverse Action and the October 4, 2005 Notice of Adverse Action.

**Response to Request No. 20:** See documents provided in response to Interrogatory No. 2 and Request No. 18.

**Request No. 21:** All documents reflecting policies that are related to, were reviewed, or were discussed within the LOC prior to giving Ms. Sarnecka-Crouch a notice of removal including, but not limited to, LOC regulations, policy manuals, statements of procedure, and collective bargaining agreements.

**Response to Request No. 21:** See documents provided in response to Interrogatory No. 2.

**Request No. 22:** All documents relating to the hiring, purpose for hire, and end of employment of Walter Gary Sharp at the LOC.

**Response to Request No. 22:** Defendant objects to this request as vague and not likely to lead to the discovery of admissible or relevant evidence. Subject to and without waiving its general or specific objections, Defendant will Plaintiff to review the Merit Selection File for the position(s) at the Library to which Walter G. Sharp applied subject to the Court granting a Motion for a Protective Order.

**Request No. 23:** All documents that relate in any way to any allegation of discrimination or any instance of misconduct by Walter Gray Sharp, Rubens Medina, Jessie James, Esq., or Teresa Smith during their employment with any agency in the federal government.

**Response to Request No. 23:** Defendant objects to this request as not likely to lead to the discovery of admissible or relevant evidence. Defendant further objects to this request as unduly burdensome inasmuch as EEO complaints are not indexed by the name of the Alleged Discriminating Office, thus, Plaintiff's request would require the Library to manually review at least 700 EEO complaints of discrimination. In further response, Defendant cannot respond to the request without clarification by plaintiff of the scope and relevance of the information requested.

**Request No. 24:** All documents that relate in any way to the affirmative defenses set forth in the Answer to the Second Amended Complaint.

**Response to Request No. 24:** See documents provided in response to Interrogatory No. 8.

13

**Request No. 25**: All documents which the LOC intends to rely on or introduce at the trial of this action.

**Response to Request No. 25**: Defendant has not identified any documents it intends to use or introduce into evidence at trial. Defendant therefore reserves the right to supplement, clarify, revise or correct at any time any or all of the information contained in this response should additional or different information become available through discovery or otherwise. Once Defendant has identified the documents it intends to use or introduce into evidence at trial, it will provide these documents to Plaintiff.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, DC Bar#434122
Assistant United States Attorney


_____/s/_____
JOHN G. INTERRANTE
PA Bar # 61373
Assistant United States Attorney
Civil Division, E-4806
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov

Dated: April 4, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by First-Class mail, postage prepaid, and by electronic mail, to plaintiff's counsel of record, Will Crossley, Esq., Wilmer Cutler Pickering Hale and Dorr, LLP, 1875 Pennsylvania Avenue, N.W., Washington, D.C. 20006, on this 4th day of April, 2008.


                /s/
JOHN G. INTERRANTE
Assistant United States Attorney