# EXHIBIT 6



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 10, 2008

Mr. Will L. Crossley
Wilmer, Cutler, Pickering, Hale & Dorr, LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006

    RE:    <u>*Sarnecka-Crouch v. Billington*, Civil Action No. 06-1169 (ESH)</u>

Mr. Crossley,

    I write in response to your May 23, 2008 letter regarding the ongoing discovery process in the above case. I apologize that you feel that discovery has not occurred at the pace you desire in this case, but the Library has and will continue to timely and fully respond to each of Plaintiff's discovery requests. As discussed in our June 2, 2008 phone call and follow-up email from Defendant, at no time did the Library suggest that it no longer intended to provide Plaintiff access to the Library's merit selection files. Further, beginning on June 4, 2008, you and your colleague came to the Library and reviewed the merit selection files in addition to several other documents produced by the Library.

    In your May 23, 2008 letter, you suggest that the Library has repeatedly failed to response timely and fully to Plaintiff's discovery requests and that the Library has been unwilling to cooperate. Notwithstanding your assertion, I respectfully disagree and believe the record reflects otherwise. As the Library conveyed to you in a May 6, 2008 email and again during the May 7, 2008 conference call, undersigned counsel is a newly appointed Special Assistant United States Attorney who took over this case on May 6, 2008 from Assistant United States Attorney John Interrante. As you were aware, Mr. Interrante had been dealing with medical problems, which in the beginning of May, reached a point where he was required to take extended medical leave.

    While undersigned counsel was new the above case, during our May 7, 2008 conference call, the Library proposed a settlement offer to Plaintiff. The Library asked to re-scheduled the conference call regarding Plaintiff's specific discovery issues to the week of June 2, 2008 not only to focus its time and efforts on good faith settlement negotiations, but also due to the

1

schedules of Defendants and counsel and to allow time for undersigned to familiarize herself with the case. Further, during this time, the Library, in its continuing effort to move forward with discovery, provided comments and consented to a protective order (which was filed and approved by the Court on May 22, 2008). Moreover, the Library consented to an amendment to the Court's scheduling order to allow Plaintiff additional time to retain an expert and submit an expert report.

Pursuant to your request set forth in your May 23, 2008 letter, the Library has seriously considered the discovery issues you raised and delineated below a written response to each of your requests. The Library will continue to fulfill its duty under FRCP 26(e) and supplement or correct its disclosures and responses in a timely manner if so required. Further, the Library restates its general objection to the time frame to all discovery to the extent that the requests seek information outside the period relating to the alleged adverse employment actions challenged in the lawsuit. Moreover, Library incorporates its general objections from prior discovery responses.

Potential Incomplete Discovery Responses:

A.  As you are aware, the Library is under a continuing obligation to update discovery and provide relevant and responsive information pursuant to FRCP 26(e). In accordance with this obligation the Library has continued to look for and identify documents responsive to your request. The Library has located additional documents and as indicated to you by telephone and e-mail on June 2, 2008, those documents were made immediately available for your review. Beginning on June 4, 2008, you and your colleague went to the Library and reviewed the relevant and responsive documents.

Conducting Email and Electronic Document Searches Related to Plaintiff's Discovery Requests:

A.  Defendant requested that its Information Technology Services ("ITS") division restore Plaintiff's e-mail account for the relevant time period (i.e., February 2004-October 2005). ITS has restored the data still available during that time period. Access to that data was provided to you on June 5, 2008.

B.  The Library has completed its search and review of responsive electronic data. However, as stated previously, pursuant to FRCP 26(e) the Library will supplement or correct its disclosures and responses in a timely manner if so required.

C.  The Library identified individuals who might have responsive information and has asked those individuals to produce all responsive e-mail or electronic data. This information has been provided to Plaintiff and/or was made available for your review beginning on June 4, 2008.

2

Response to Interrogatory No. 1:

A.  With respect to Interrogatory No. 1, the Defendant previously identified individuals who might have responsive information and is not aware of any other individuals in the Library who may have responsive information.

B.  Mr. Sharp considered other options but at this time, Mr. Sharp does not recall the specifics of those other options.

C.  The following individuals were involved in the RIF:

   1. Gary Sharp - Mr. Sharp determined that the RIF was the best option for the Library and proposed the RIF.

   2. Rubens Medina - Dr. Medina, Mr. Sharp's supervisor, requested that Human Resources Service implement the RIF.

   3. Teresa Smith - Ms. Smith, the former Director of Human Resources Services, oversaw the implementation of the RIF.

   4. Ty Mason - Mr. Mason is the contractor who implemented the RIF.

Response to Interrogatory No. 2

A.  The Library searched for information that may exist outside the Office of Workforce Management.

Response to Interrogatory No. 3

A.  As indicated in the Library's initial response to Interrogatory No. 3, the Defendant cannot search employment vacancies by a generic position title, however, the Defendant can search for vacancies by grade level. Notwithstanding Defendant's ability to search for positions by grade level, the information requested is not likely to lead to the discovery of relevant admissible evidence and is unduly burdensome inasmuch as the Interrogatory would require the Library to manually review hundreds of merit selection files.

Response to Interrogatories Nos. 4 and 5:

A.  While Plaintiff has changed the scope of these interrogatories from 20 years to 14 years, Defendant maintains its initial objection that these requests are overly broad, unduly burdensome, and not likely to lead to the discovery of admissible or relevant evidence.

3

Response to Interrogatory No. 6

A. Defendant is not aware of any information responsive to Interrogatory No. 6 besides the information contained in the merit selection files. Beginning on June 4, 2008, you and your colleague came to the Library and reviewed the documents the Library produced pursuant to this request.

B. Defendant has conducted a reasonable search, including contacting individuals who might have responsive information.

C. As indicated above, beginning on June 4, 2008, you and your colleague came to the Library and reviewed the documents the Library produced pursuant to this request.

Response to Document Request No. 1:

A. While Plaintiff has changed the scope of this document request to the years 2001-2005, Defendant maintains its initial objection that this request is overly broad and not likely to lead to the discovery of admissible or relevant evidence. Defendant further objects to this request as vague inasmuch as Defendant does not understand the expression "categorization of employees."

Response to Document Request No. 2:

A. Due to recent consolidation of the Library's regulations, currently there are approximately 90 Library regulations in the 2000 series. The Library has already provided those regulations to Plaintiff.

B. Defendant objects to this request as vague inasmuch as it does not understand the expression "compensation and benefits policies," moreover, Defendant already produced all Human Resources Regulations in the 2000 series. The 2000 series contains regulations on pay and other benefits. Accordingly, Defendant does not understand what additional information Plaintiff seeks.

Response to Request No. 5:

A. Defendant objects to this request as overly broad, unduly burdensome and not likely to lead to the discovery of admissible or relevant evidence. Because the Library does not maintain records of EEO complaints and grievances indexed by allegation, the Library would have to manually review more than 700 complaints. In further response, the request seeks confidential and personal privacy information, which cannot be disclosed, absent an appropriate protective order, and, in any event, without clarification by plaintiff

4

of the scope and relevance of the information requested.

Response to Request No. 7:

A. Defendant objects to this request as not likely to lead to the discovery of relevant admissible evidence.

Response to Request Nos. 8 and 9

A. The Defendant is not aware of any documents that "explain the BATS system."

B. The Defendant is not aware of any documents responsive to this request.

Response to Request No. 11:

A. While Plaintiff has changed the scope of this request from January 2004 to January 2006, Defendant maintains its initial objection that this request is overly broad, unduly burdensome, and not likely to lead to the discovery of admissible or relevant evidence.

Response to Request No. 12:

A. As indicated previously, beginning on June 4, 2008, you and your colleague came to the Library and reviewed the relevant and responsive documents.

B. To date, Defendant is not aware of any information responsive to Request No. 12 besides the information contained in the merit selection files. Defendant has conducted a reasonable search, including contacting individuals who might have responsive information.

Response to Request Nos. 13 and 14:

A. Defendant objects to this request as not likely to lead to the discovery of relevant admissible evidence.

B. Defendant is only aware of the documents that it provided to Plaintiff and/or permitted Plaintiff to review.

5

Response to Request No. 15:

A. Beginning on June 4, 2008, you and your colleague came to the Library and reviewed the documents the Library produced pursuant to this request.

Response to Request No. 16:

A. Defendant objects to Request No. 16 as not likely to lead to the discovery of relevant admissible evidence. Subject to and without waiving its general and specific objections, Defendant permitted Plaintiff to review the merit file for Vacancy Announcement No. 040259, a position to which both Mr. Weber and Plaintiff applied.

Response to Request No. 17:

A. Beginning on June 4, 2008, you and your colleague came to the Library and reviewed the documents the Library produced pursuant to this request.

B. Beginning on June 4, 2008, you and your colleague came to the Library and reviewed the documents the Library produced pursuant to this request. I have also been informed by the Library to it has located some additional files responsive to your request which are available for your inspection immediately. Please contact Julia Douds at 202-707-7198 to arrange a time for you to review the documents.

Response to Request No. 23:

A. Defendant objects to this request as not likely to lead to the discovery of admissible or relevant evidence. Defendant further objects to this request as unduly burdensome.

Sincerely,

Megan M. Weis