**From:** Crossley, Will [mailto:Will.Crossley@wilmerhale.com]
**Sent:** Tuesday, September 09, 2008 12:49 PM
**To:** Weis, Megan (USADC)
**Subject:** RE: Sarnecka-Crouch discovery meet and confer

Megan,

Plaintiff does not agree with Defendant contacting the Court on Plaintiff's behalf.  Plaintiff also does not agree with the Defendant representing Plaintiff's position on the insufficiency of the affidavits by providing the Court with Plaintiff's previous letter because that letter does not appropriately convey Plaintiff's current position(s).  Plaintiff will contact the Court and has no objection to Defendant joining that call.  Please let me know your schedule this afternoon if you would like to join.  If you are unable to join, please let me know your availability for a conference with the Court.

Plaintiff consents to Defendant's request for additional time to respond to discovery requests as discussed in my email below, with the understanding that Defendant will actually provide responses to our requests and not simply object to them.

Plaintiff believes the parties made it clear during our meet and confer conference yesterday that we were finalizing the positions of the parties with respect to every outstanding discovery issue.  As such, Plaintiff disagrees with Defendant's assertion that we have failed to meet and confer on this matter.  Email and electronic documents are responsive to all of Plaintiff's discovery requests.  We refer Defendant to the definition of documents as provided in Plaintiff's Interrogatories and Requests.  Defendant has failed to produce email of current and former Library of Congress employees for the time periods relevant to the facts underlying this cause of action, including:

Thomas Bland, for the period March 1, 2004 through October 31, 2005;
Rubens Medina, for the period September 1, 2003 through October 31, 2005;
Walter Gary Sharp, for his entire tenure of employment at the Law Library of Congress beginning in 2003;
James Vassar, for the period March 1, 2004 through October 31, 2005; and
Harry Yee, for the period September 1, 2003 through October 31, 2005.

Please inform Plaintiff whether Defendant will agree to produce email for these individuals, for the relevant time periods.

---

**From:** Weis, Megan (USADC) [mailto:Megan.Weis@usdoj.gov]
**Sent:** Tuesday, September 09, 2008 10:56 AM
**To:** Crossley, Will
**Cc:** Julia Douds
**Subject:** RE: Sarnecka-Crouch discovery meet and confer

Will,
In reading  your below email Defendant understands your first paragraph to mean that Plaintiff consents to the extension of time to response to Plaintiff's request for admissions, interrogatories, and request for production of documents.  Is this correct?
Second, Defendant is available to call the Court this afternoon regarding the sufficiency of our affidavits. As stated in my email below, once the Parties set up a time with the Court Defendant will provide the Court with copies of the affidavits as well as Plaintiff's request prior to the Parties discussion with the Court. Further, Defendant does not believe that the Parties have met their meet and confer obligations with respect to Plaintiff's below discussion of production of

emails. In our conference call yesterday, you made no mention that you wanted to bring this matter before the Court. Further, Plaintiff has not provided Defendant with any information as to what discovery request Plaintiff believe this information is responsive to, the names of former employees, and the timeframe Plaintiff is seeking per this request.  Because Defendant is unclear as to what Plaintiff is seeking, it cannot properly accept or reject Plaintiff's request at this time. Defendant asks that Plaintiff provide this information to Defendant before the Parties contact the Court today.  Please let me know the times you are available to meet with the Court and I will contact chambers.
Thank you,
Megan


**From:** Crossley, Will [mailto:Will.Crossley@wilmerhale.com]
**Sent:** Tuesday, September 09, 2008 9:49 AM
**To:** Weis, Megan (USADC); Schneider, Stefanie
**Cc:** Julia Douds
**Subject:** RE: Sarnecka-Crouch discovery meet and confer

Megan,

In light of Defendant's agreement to respond to Plaintiff's Request for Admissions by COB today and Plaintiff's Set Second of Interrogatories and Second Request for Production no later than this Friday, September 12, and in light of Defendant's representation that documents will be produced, Plaintiff no longer believes that matter should be raised with the Court.

However, there are two outstanding discovery matters Plaintiff intends to raise with the Court today.  First, Plaintiff continues to believe that Defendant's affidavits fail to address Subject Matter No. 3 of Plaintiff's Rule 30(b)(6) deposition notice, and therefore do no comply with the parties prior agreements or the Court's order regarding these affidavits.  Second, Plaintiff continues to believe Defendant has an obligation to produce email and disagrees with Defendant's belief that the collection, search and production of relevant email is too burdensome.

Plaintiff believes the parties have met their obligation to meet and confer.  If you disagree, we are happy to discuss before contacting chambers.  I will be away from my office until after 11 am.  Thank you.

Will


**From:** Weis, Megan (USADC) [mailto:Megan.Weis@usdoj.gov]
**Sent:** Monday, September 08, 2008 6:22 PM
**To:** Crossley, Will; Schneider, Stefanie
**Cc:** Julia Douds
**Subject:** Sarnecka-Crouch discovery meet and confer

Hi Will,

 To summarize/follow up on the Parties' meet and confer this evening regarding the outstanding discovery matters in the above case.  After discussing the outstanding issues, the Parties agreed that the only remaining item to be brought before the Court was the sufficiency of the affidavits Defendant produced in response to Plaintiff's 30(b)(6) notice.  Plaintiff will

confirm what additional information she is seeking by tomorrow morning (September 9, 2008) and Defendant will provide the Court with copies of the affidavits as well as Plaintiff's request prior to the Parties discussion with the Court.  Further, Defendant will provide its responses to Plaintiff's request for admissions by COB tomorrow, September 9, 2008, and will provide its responses to Plaintiff's document requests and interrogatories by September 12, 2008.  Please advise if Plaintiff does not consent to these dates.  Defendant is also willing to provide Bill Hoppis as an additional 30(b)(6) Subject Matter No. 2 witness who will speak to the subject matter for electronic documents.  Without waiving its prior objection that these documents are not relevant, Defendant will provide data available to the Library on employees involved in Library RIFs since 2000 including the individuals names and ages by COB tomorrow, September 9, 2008.  Counsel again notes that she has a trial scheduled for the week of September 15-29, 2008 and will be largely unavailable after tomorrow, September 9, 2008 until after the trial.

Thanks,

Megan


Megan M. Weis

Special Assistant United States Attorney

555 Fourth Street, N.W.

Washington, D.C.  20530

(202) 514-5134